THE CENTRAL RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* BURR & FLANDERS *et al.*, defendants in error.

The chancellor did not abuse his discretion in granting the injunction in this case.

Injunction. Sale. Receiver. Before Judge HILL. Bibb county. At Chambers. December 6th, 1873.

For the facts of this case, see the decision.

TRIPPE, Judge.

Burr & Flanders, owners of a flouring mill, executed an instrument in writing to the Central Railroad and Banking Company acknowledging the receipt of eight hundred' and twenty-five barrels of flour, for sale for and on account of said Central Railroad and Banking Company, and the proceeds of sale to be accounted for to said company to the extent of all freight due—to-wit: $8,233 74—and therein acknowledged themselves as bailees of said railroad company, for said flour, and agreed to pay over the proceeds of sale as fast as realized, or redeliver the flour to the company on demand, in case of failure to make payment of the proceeds. The flour was described as being so many barrels of three different brands, with an equal number of each brand, but was not otherwise designated or severed from other flour of the same brands in the same mill, and in possession of Burr & Flanders. In a few weeks thereafter, Burr & Flanders becoming insolvent,

a creditors' bill was filed, and an *ad interim* order was granted restraining them from disposing of their assets, and appointing an *ad interim* receiver.

The Central Railroad and Banking Company had, on the same day this order was granted, commenced an action of trover and bail against Burr & Flanders for the flour. The company was made a party defendant to the bill, with a prayer for an injunction against the action of trover. At the hearing for an injunction until the final trial, and for the appointment of a permanent receiver, the prayer for each was granted, the chancellor refusing to grant an order on the motion of the company, to permit it to take the eight hundred and twenty-five barrels and give bond for the same:

*Held,* that there was no such identification and severance of any particular eight hundred and twenty-five barrels of flour from the general lot, so as to entitle the railroad company to the possession thereof, under the facts of the case; and as the rights and equities of all the creditors can be adjusted at the final hearing, or upon the trial of any issue that may be made under section 4201 of the Code, we do not think the chancellor abused his discretion in granting the injunction.

Judgment affirmed.