## SPARROW *vs.* PATE & BROTHER.

1. Where a judge *pro hac vice* presided, and upon counsel moving for a new trial, and in contemplation of an adjournment of the court, passed an order allowing a certain time in which to prepare a brief of evidence, and providing that the motion for new trial should be heard at the specified time, as though in term time, nevertheless if the appointed day arrived, and the motion was heard before the adjournment of the term, the law of the term and not of vacation applied; and the bill of exceptions to the grant of a new trial need not have been tendered within thirty days from the decision, but was in time if tendered within sixty days from the decision, and thirty days from the end of the term.

2. The verdict in this case was contrary to the evidence, and a new trial was properly granted.

(*a.*) An owner of cotton left it with a warehouseman for sale, leaving

also the warehouse receipt, on presentation of which alone the cotton was deliverable; the agent of certain cotton buyers con_tracted for the purchase of the cotton, indorsed on the receipt the price and his initials, and returned it to the warehouseman for the purpose of collecting the purchase price from the buyers. The warehouseman would not have delivered the cotton until paid for. Before presentation of the receipt the warehouse, with the cotton still in it, burned:

*Held,* that the title had not passed to the purchasers. Code, §1593.

Practice in the Supreme Court. New Trial. Sales. Before JOHN F. DeLACY, Esq., Judge *pro hac vice*. Pulaski Superior Court. November Adjourned Term, 1880.

Reported in the decision.

R. M. HODGE, by JACKSON & LUMPKIN, for plaintiff in error.

KIBBEE & MARTIN, for defendants.

SPEER, Justice.

1. When this case was called, counsel for defendant in error moved to dismiss the same upon the ground that the bill of exceptions had not been certified within thirty days from the date of the judgment complained of.

In looking into the record, we find that this cause was tried before J. F. DeLacy, Esq., judge *pro hac vice*, the presiding judge being disqualified, and that during the term, to-wit, on the 21st day of January, 1881, the judge *pro hac*, by an order, gave time to the parties to prepare and agree upon the brief of testimony, until the 15th day of February thereafter, and ordered that the motion for new trial be then and there heard, as though the same was in term. On that day the cause was heard and the motion for new trial was allowed. It further appears that said term of the court adjourned on the 2d day of April, 1881, the same sitting as the November adjourned term, 1880. The bill of exceptions was certified by the judge on the

7th day of April, 1881, within sixty days from the decision complained of, and less than thirty days from the final adjournment of the court. This being the state of facts, our judgment is that the bill of exceptions was certified in time, and the motion to dismiss is therefore overruled.

2. This was a suit in favor of the plaintiff in error against the defendants to recover the price of a bale of cotton, which he alleged he had sold to them through their agent, McKinney. It appears from the record that McKinney was acting as agent for the defendants in error in the purchase of cotton; that the bale of cotton was stored in the warehouse of Bozeman, and that the cotton receipt was left with him by plaintiff in error for sale; that late in the afternoon of the 22d of October, 1879, the cotton was examined by McKinney, and he contracted with Bozeman to purchase the same at the price of ten and one-fourth cents per pound; that McKinney placed upon the cotton receipt the initial letters of his name, and returned the same to Bozeman that payment might be received of the defendants in error; that before said receipt was presented to defendants for payment, on the next day, the cotton with the warehouse was consumed by fire. When a demand was made some time thereafter for payment, defendants refused to pay; whereupon suit was brought in the county court of said county, and by appeal the same was taken to the superior court. When the case was called in the superior court, the presiding judge being disqualified from presiding in said cause, John F. DeLacy, Esq., an attorney, was selected to preside in said trial.

The defendants filed various pleas to said suit, and on the issues thus made a verdict was returned in favor of the plaintiff below.

On a motion for a new trial, the verdict was set aside and a new trial ordered by the judge who presided in the cause; whereupon defendant below excepted and assigned the same as error.

Sparrow *vs.* Pate & Brother.

In looking through this record to determine whether there has been such an abuse of discretion upon the part of the judge presiding in setting aside this verdict and granting a new trial as will require the interference of this court, we are forced to the conclusion that under the evidence submitted there was not only no abuse of discretion, but, on the other hand, the verdict was contrary to law and evidence, and should have been set aside. Apart from the plea in bar as set up in the arbitration and award, §1593 of the Code declares "that cotton, corn, rice and other produce sold by planters and commission merchants on cash sale, shall not be considered as the property of the buyer or the ownership given up, until the same shall be fully paid for, although it may have been delivered into the possession of the buyer." It is true, in this case there may have been a bargain made to purchase this cotton, the price may have been agreed upon, "but until the same shall be fully paid for" the law declares the title shall not pass, even though there may have been an actual delivery. There is no evidence of delivery in this case, and the warehouseman testified he would not have delivered it until the money was paid. It might be gravely doubted whether under the law of sales of personalty (other than the produce mentioned in the statute) this would have been a good sale and delivery under the facts of this case, but for cotton sold on a cash basis the law imperatively requires that payment must be made in full before the title passes ; and if the title did not pass before it was burned, the loss must fall on the alleged vendor. After all that passed between Bozeman and McKinney, the parties to the bargain, plaintiff might have at any time before the money was paid repudiated the bargain and reclaimed his cotton, and if he could have done this, he clearly has no right to recover of the defendants in error for property, when under the law it belonged to him at the time it was destroyed.

Let the judgment of the court below setting aside the verdict and granting a new trial be affirmed.