## GUNN *vs.* KNOOP, FREIRICHS & COMPANY.

A factor of an owner of cotton agreed to sell it for cash to the agent of a firm. It was weighed and the price agreed upon. It was to remain in the warehouse of the factor until the next morning, when it was to be paid for and turned out for shipment. The bill containing the amount of the cotton, with its price, was handed to the purchaser, and he endorsed upon it "O. K.," and signed his name. During the succeeding night, and before the time arrived for the payment of the money for the cotton, the warehouse in which it was stored was burned, and it was destroyed:

*Held*, that the title to the cotton, as well as its actual possession, remained in the seller, and he could not recover its value from the purchaser.

(*a*.) The case in 50 *Ga.*, 644, is unlike the present case.

November 11, 1884.

Title. Contracts. Sales. Delivery. Cotton. Factors. Before Judge SIMMONS. Bibb Superior Court. October Term, 1883.

To the report contained in the decision, it is only necessary to add that the jury found for the defendants, and a motion for a new trial having been overruled, plaintiff excepted.

HILL & HARRIS, for plaintiff in error.

BILLUPS & HARDEMAN; B. M. DAVIS, for defendants.

BLANDFORD, Justice.

This was an action by plaintiff in error to recover of defendants in error the value of nine bales of cotton.

It appears that the factor of Gunn agreed to sell the cotton to the agent of Knoop, Freirichs & Co. The cotton was weighed and price agreed upon; it was to be a cash sale. The cotton was to remain in the warehouse of plaintiff's factor until the next morning, when it was to be paid for and turned out for shipment. A bill containing the cotton, with its price, was handed defendant, upon which he endorsed "O. K.," and signed his name. Before the time arrived for the payment of the money for the cotton, during the night of the day upon which this bargain was made, the warehouse in which the cotton was stored was burned, and the cotton destroyed, and the question here is, who is to sustain the loss, the plaintiff or the defendants? It is insisted by the counsel for plaintiff in error that, under the authority of the decision in the case of *Groover, Stubbs & Co. vs. Warfield & Wayne*, 50 *Ga.*, 644, the plain-

tiff should have recovered, and that the loss was that of defendants in error. In the case relied on, there was no loss of the cotton sold, but after it was sold, and the contract of sale being manifested in such a way as to take it without the operation of the statute of frauds, the purchasers refused to pay for it, the cotton having declined in price, this court merely held that the seller could maintain an action for damages against the purchasers for a breach of the contract. This decision is unquestionably right, and does not need argument or authority for its support. The case at bar is quite different from the case referred to. Here the plaintiff is unable to comply with his part of the contract, by reason of the destruction of the cotton before its delivery. The title to, and ownership of, the cotton, as well as its actual possession, was in the plaintiff when it was destroyed. By the terms of the contract, it was a cash sale, and by §1593 of the Code, the title and ownership of the cotton was to remain in the seller until paid for. 67 *Ga.*, 352. It is insisted by plaintiff's counsel that this last case is wrong, and it has been asked that we review and reverse this case. We have considered this request, and are satisfied that the decision complained of is correct, not only as regards our own statute, but is fully sustained by common law authorities. See 1 Benj. on Sales, §§185, 308, 425, 427, and authorities there cited. We are not aware of any decision to the contrary, nor has any been shown by the able counsel who argued this case, so we re-affirm the decision in the case of *Sparrow vs. Pate & Brother*, 67 *Ga.*, 352.

We see no error in the several rulings and decisions complained of, and the judgment is affirmed.