RANDLE *vs.* STONE & COMPANY, for use.

A note, given for the purchase money of an engine and boiler, contained the following clause: "It is, furthermore, the express condition of the delivery of said engine and boiler to me, that the title, ownership or possession does not pass from the said O. M. Stone & Co. until this note and interest is paid in full, and they may take possession of said engine and boiler and sell the same for my account at any time, in case this note is not promptly paid, in which case, I hold myself liable for any and all loss or damage caused by my failure to meet this note." The engine and boiler were destroyed by fire in the actual possession of the defendant, but before the maturity of the note or contract:

*Held*, that the title remained in the vendors, and the loss fell on them; and a charge to the contrary was erroneous.

November 23, 1886.

Contracts. Title. Vendor and Purchaser. Before
Judge RONEY. Burke Superior Court. May Term, 1886.

Reported in the decision.

P. P. JOHNSTON, for plaintiff in error.

SALEM DUTCHER, for defendants.

JACKSON, Chief Justice.

O. M. Stone & Company sued Randle on two notes and
an account in lieu of another for the price of a steam en-
gine and boiler. The following is one of the notes, which
make the contract between the parties, the other notes be-
ing like it, and the account being on the consideration of
the third:

"On or before the 1st day of December, 1881, I promise to pay to
O. M. Stone & Company, or order, one hundred and one and 62-100 dol-
lars, payable at the Commercial Bank, of Augusta, Georgia, for value
received in one six-horse power Bigelow engine and boiler, and if
not punctually paid at maturity, with interest from that time at ——
per cent. per annum, and counsel fees of 10 per cent. on amount due
if collected by law, and I hereby waive the benefit of the homestead
and exemption as to this debt. It is, furthermore, the express con-
dition of the delivery of said engine and boiler to me, that the title,
ownership or possession does not pass from the said O. M. Stone &
Company until this note and interest is paid in full, and they may
take possession of said engine and boiler, and sell the same for my
account at any time, in case this note is not promptly paid, in which
case I hold myself liable for any and all loss or damage caused by
my failure to meet this note.
    [Signed]                              W. J. RANDLE."

The boiler and engine were destroyed by fire in the
actual possession of the defendant, but before the maturity
of the note or contract.

The sole question made is, whose is the loss, the sellers'
or the buyer's? The jury, under the charge of the court,
found that the purchaser was liable, and found for the
plaintiffs below. The defendant excepted, and on a denial
of a new hearing brought the case here.

Among other things the presiding judge charged as follows: "And should you further find that, before said notes or the said purchase money became due, said property was destroyed by fire without any fault, carelessness or negligence on the part of said W. J. Randle, directly or indirectly, yet I charge you that plaintiffs may maintain action on said notes, and the defendant is liable to pay them. You are not to consider the question of reservation of title."

In our judgment, this charge is erroneous. The only question in the case is, who had title when the fire occurred, if the articles were burnt without fault in Randle? "The express condition of the delivery to me (Randle) of the said engine and boiler (is), that the title, ownership or possession does not pass from the said O. M. Stone & Company until this note and interest is paid in full, and they may take possession of said engine and boiler, and sell the same for my account, at any time, in case this note is not promptly paid, in which case I hold myself liable for any and all loss or damage caused by my failure to meet this note." This contract thus makes a clear reservation of title, ownership and a right of possession, such right of possession being modified by confining it to the failure of Randle to pay at maturity, when the possession may be resumed by Stone & Company to sell and apply proceeds to the debt. But the reservation of title and ownership is without any modification or condition whatever.

It is absolutely reserved up to the maturity of the notes; not only "title" is so reserved, but, by way of emphasis, "ownership" is added. The owner must suffer the loss, if there be no fault in the actual possessor, who is a bailee. 1 Benjamin on Sales, §620; 1 Parsons on Contracts, pp. 526, 533, 537 (note); 51 Am. R. 59, 62, 63; 1 Benj. §§412, 427.

This court has substantially ruled the same point in analogous cases, not on reservation of title on contract, as here, but on the reservation the statute, code, §1593,

makes before title passes to certain products of the soil; thus recognizing the principle that in case of destruction by fire, the loss must be met by him who has title. *Sparrow vs. Pate & Brother*, 67 *Ga.* 352; *Gunn vs. Knoop, Freirichs & Co.*, 73 *Ga.* 510.

Judgment reversed.