## MOUNTAIN CITY MILL COMPANY *v.* BUTLER.

The breach, by a purchaser, of a contract to pay a draft for the price of goods and remove the same from a railroad depot, the title to the goods remaining in the seller until such draft should be paid, did not involve the purchaser in liability to the seller for loss occasioned by the destruction by fire of the goods in the depot; and more especially is this so when the seller's agent for the collection of the draft extended the time for the payment thereof until the day upon which the fire occurred.

Submitted November 11,—Decided December 9, 1899.

Complaint.   Before Judge Williams.   City court of Waycross.   March term, 1899.

*W. C. Holmes*, for plaintiff.   *L. A. Wilson*, for defendant.

LEWIS, J.   The Mountain City Mill Company brought suit against H. F. Butler for $46.45 damages, which case was tried in the city court of Waycross.   To plaintiff's petition the defendant filed a general demurrer, which was sustained by the court, and error is assigned thereon in the bill of exceptions.

The petition alleged, in brief, that on April 20, 1897, defendant entered into a contract with plaintiff for the purchase of ten barrels of flour at the price of $5.06 per barrel, less the freight; the contract further being that the flour should be shipped by rail to the city of Waycross, there to be received by defendant on presentation to the railway company of the bill of lading, which was to be indorsed to defendant, and attached to a draft for the net amount of the purchase-money due petitioner.   This draft and bill of lading was to be sent to the Bank of Waycross, and by it presented to defendant for payment, the title and possession of the flour to remain in plaintiff until paid for by the defendant.   The flour was shipped according to contract.   Plaintiff drew upon the Bank of Waycross a sight draft for the purchase-money, attaching to the draft the bill of lading indorsed by petitioner.   The flour arrived in Waycross on May 3, 1897, and was unloaded and received by the S., F. & W. Ry. Co., at its freight-depot in Waycross.   On May 8, 1897, the bank presented the draft to defendant and demanded payment.   Defendant recognized that the draft was correct, but, being short of funds, requested the bank to hold the draft until the following Monday, when she would pay the same.   On May 10 the depot in which the flour was stored was destroyed by fire.   It is charged that this loss was the direct result of the non-performance by defendant of her contract, in failing to pay the draft, obtain the bill of lading, and receive the flour in compliance with the contract.

When a contract of purchase has been made and there has been full performance thereof by the vendor, he can recover any damages growing out of the breach of the contract by the

vendee. In case of a contract of sale and purchase of personal property at a stipulated price, if the vendor comply with the contract and tender the property in accordance therewith, and the purchaser refuse to accept the goods and to pay the price, the seller may retain them, and for such a breach of the contract his measure of damages is, not the purchase-price agreed to be paid, but the difference between the contract and the market price at the time and place of delivery; or, as agent of the vendee, he may sell the property, and recover the difference between the contract price and the price on resale; or he may store or retain the property for the vendee, and sue him for the entire price. Such are the provisions of section 3551 of the Civil Code. We do not think that the right of the seller to sue the purchaser for the entire price of the goods applies to this action. It appears from the terms of the contract set forth in the petition that the title to this property never passed from the seller to the purchaser, but was in the former when the property was destroyed. The possession of it was also constructively in the seller, and it was designed that it should so remain until the purchase-money was paid. In *Randle* v. *Stone*, 77 *Ga.* 501, a conditional sale of an engine was made, and in the note given for the purchase-money it was stipulated that the title should remain in the seller until the note was paid in full. The property sold was destroyed by fire while in the actual possession of the defendant, but before the maturity of the note or contract. It was held that the title remained in the vendor and the loss fell on him. In one view, the case we are now considering presents a still stronger defense to this action; because, in the present case, the title to the property was not only retained in the vendor, but also the right of possession, which had never passed at all to the vendee. See also *Gunn* v. *Knoop*, 73 *Ga.* 510, where it appears that a factor had agreed to sell cotton to the agent of a certain firm. The cotton was weighed, and price agreed upon. It was to be a cash sale, and the cotton was to remain in the warehouse of plaintiff's factor until the next morning, when it was to be paid for and turned out for shipment. The bill containing the amount of the cotton and its price was handed the de-

fendant, upon which he indorsed "O. K." and signed his name. The cotton was destroyed by fire during the night of the day on which the bargain was made. It was held by this court that the title to the property as well as its actual possession remained in the seller, and he could not recover its value from the purchaser.

Also in the case of *Sparrow* v. *Pate*, 67 *Ga.* 352–3, it appears that the owner of cotton left it with a warehouseman to sell, leaving the warehouse receipt, on presentation of which alone the cotton was deliverable. The agent of certain buyers contracted for its purchase, indorsed on the receipt the price and his initials; returned it to the warehouseman for the purpose of collecting the purchase-price from the buyers. Before the price was paid, the warehouse was burned and the cotton in it. It was there held that the title had not passed to the purchasers. On the trial of the issue a verdict was rendered for the plaintiff below. This verdict was set aside by the judge, and the judgment affirmed by this court, upon the ground that the title had not passed to the purchasers, and that therefore there could not be any recovery from them of the purchase-price. Under the provisions of section 3551 of the Civil Code, where a vendee refuses to accept and pay for goods which he has contracted to buy, it seems that the vendor can not recover the entire price, unless he stores or retains the property for the vendee. There is nothing in this case to indicate that the plaintiff elected to take this step, even if it had a right to do so under the facts, but it simply retained the possession and title to the property for plaintiff's own protection. Besides, construing the petition most strongly against the pleader, it is clearly inferable from its allegations that the time for the payment of plaintiff's draft was extended by the plaintiff's agent, the bank, until the following Monday, when the flour was destroyed before it was presented on that day for payment. The mere failure of the defendant to pay the draft promptly could not, of course, have been the cause of the fire and the destruction of the flour; and it being destroyed while title and possession remained in the plaintiff, and during the extension of the time in which the defendant was allowed to pay the pur-

chase-money, we think the loss fell upon the plaintiff, and that therefore the court did not err in sustaining the demurrer to the petition. *Judgment affirmed. All the Justices concurring.*