D. L. Swaney and Earl Caton, Appellants, v. John G. Alstott.

Sales: RECOVERY OF PURCHASE PRICE. Where the contract for the sale of a stallion provided for payment of the purchase price wholly from service fees, the death of the horse without fault of the purchaser relieved him from making further payment.

*Appeal from Greene District. Court.*— Hon. Z. A. Church, Judge.

Tuesday, April 9, 1907.

SUIT on a written contract of sale.   Trial to a jury, and a judgment for the defendant.   The plaintiffs appeal.— *Affirmed.*

*Chas. C. Helmer* and *W. C. Saul,* for appellants.

*Howard & Howard,* for appellee.

SHERWIN, J.— The plaintiffs sold the defendant a stallion for the sum of $435, and entered into a written contract of sale, the material portions of which are as follows: " On June 1, 1904, the said party of the second part is to pay two-thirds of all the above stallion's service fee for the season of 1903, not however to exceed the sum of $150 in addition to the interest on the entire debt to June 1, 1904.   On June 1, 1905, the said party of the second part is to pay the same as above specified and, on the 1st day of June thereafter, the party of the second part is to pay the same as above specified until the entire debt is fully paid."   " At the close of each season's stand with said horse, the books and accounts of said horse are to be deposited in the City Bank, Jefferson, Iowa, and said fees and accounts are to be assigned to the parties of the first part as security for the above payments as they mature and become due, and, when said service fees are collected, they are to be applied towards said payments.   The ownership of said stallion shall be and remain the property of the first party until the debt is fully paid."   The written contract also provided that the purchase price of the horse should draw interest at the rate of 5 per cent. per annum, payable annually on the 1st day of June until the debt was paid.   The case was tried on a stipulation as to the facts, from which it appears that the contract was made as alleged; that the horse earned for the year 1903 an amount of money which was duly accounted for to the plaintiff; and that he died in the fall of 1903 without any fault or negligence of the defendant, and while in

his possession. This suit is on the contract; the plaintiffs relying upon the proposition that there was a conditional sale to the defendant, and that, because thereof, he is liable for the balance of the unpaid purchase price, notwithstanding the fact that the earning capacity of the horse was ended by his death. On the other hand, it is contended that the sale was not such a conditional sale as to entitle the plaintiffs to recover, and that, whether the transaction be treated as a conditional sale or as a bailment, the defendant is not liable because of the exceptional conditions · of the contract sued on. It will be noticed that the contract contains a clause reserving the title and ownership of the horse until full payment therefor was made. This was a " conditional sale " as the term is ordinarily understood, and, for the purposes of the sale alone, the absolute title would not pass thereunder until the conditions subsequent thereto had been performed.

While there is a conflict in the authorities as to whether there can be a recovery for property sold and delivered, on condition that the title shall not pass until full payment therefor has been made, when, without the fault of the purchaser, the property is destroyed before the purchase price falls due, and we do not determine the question in this case, the following cases, and others, hold that " the loss follows the title," and relieves the vendee from further liability, on the ground that the consideration for his promise has failed: 6 Current Law, 1382, and cases cited; 1 Mechem on Sales, section 634; *Bishop v. Minderhout,* 128 Ala. 162 (29 South. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134); *Cobb v. Tufts,* 2 Wilson, Civ. Cas. Ct. App. section 153; *Mountain City Mill Company v. Butler,* 109 Ga. 469 (34 S. E. 565); *Randale v. Stone,* 77 Ga. 501; *Swallow v. Emery,* 111 Mass. 355; *Jones v. Brewer,* 79 Ala. 545; *Grant v. U. S.,* 7 Wall. (U. S.) 331 (19 L. Ed. 194); 1 Benjamin on Sales, sections 422, 427; 24 Am. & Eng. Enc. 1046.

But, aside from the rule relative to conditional sales,

we are of opinion that the peculiar terms of the contract in suit would alone preclude a recovery by the plaintiffs. The contract does not in express terms contain an absolute promise on the part of the defendant to pay $435. Its terms are that he was to pay the money from the earnings of the horse, except the matter of interest provided for, which he was bound to pay in any event. The contract specifies the amount that shall be paid on the 1st day of June of each year until the amount is paid, thus giving him an indefinite time for the payment of the price; after June 1, 1905, the time of payment depending solely on the earning capacity of the horse. It is, of course, competent for the parties to contract as they will, and, in this case, the contract will bear no other construction than that the parties intended the price to be entirely paid from the service fees of the horse, and, such being the case, we think there can be no doubt that the defendant is not liable beyond the proportion of these fees which he had agreed to pay. The case is not parallel with the cases cited, wherein there was an agreement to pay in specific property or specific services, and there was a failure to do so. The difference between those cases and the case at bar is to be found in the fact that here the payment was to be made from the earnings of the very property for which it was due, and, it being shown by the record that the death of the horse and the consequent loss of his earning capacity were in no wise chargeable to the fault or neglect of the defendant, it is manifest that there should be no recovery under the terms of the contract.

The judgment of the district court was therefore right, and it is *affirmed.*