## 6653.  NORRIS v. MANGET-BRANNON COMPANY.

WADE, C. J.  1.  Whether the title to certain cotton passed to the plaintiff by the delivery of two warehouse receipts, or whether the receipts were delivered as collateral security only, to insure the payment of certain notes due the plaintiff by the defendant, was purely a question of fact, and there was evidence to support the plaintiff's contention that the cotton was merely pledged and not absolutely conveyed. An entry appeared on one of the notes sued upon, reciting that the cotton represented by the warehouse receipts was "collateral," and the agent who in behalf of the plaintiff accepted the warehouse receipts or "tickets" testified that this entry was made in the presence of the defendant and by his express agreement, and that the cotton was in fact received merely as collateral. The defendant testified that the warehouse tickets for two bales of cotton were delivered to the agent of the plaintiff in full payment of the notes sued upon, with the agreement on the part of the said agent "that plaintiff would hold said cotton in the warehouse and would not sell same until I agreed for them [it] to do so, and that there would be no balance due on said notes unless the price of cotton decreased, in which event I was to pay any balance which might be due on the notes when the cotton was finally sold."

2. Where personal property is destroyed by fire, the loss must fall upon him who holds the title. *Randle* v. *Stone*, 77 *Ga.* 501, 504; *Sparrow* v. *Pate*, 67 *Ga.* 352; *Gunn* v. *Knoop*, 73 *Ga.* 510; Civil Code, § 4123.

3. "A pledge, or pawn, is property deposited with another as security for the payment of a debt. Delivery of the property is essential to this bailment, but . . . warehouse receipts . . may be delivered in pledge." Civil Code, § 3528. "The general property in the goods remains in the pawner, but the pawnee has a special property for the purposes of the bailment." Civil Code, § 3532. "The pawnee is bound for ordinary care and diligence." Civil Code, § 3535.

4. Where warehouse receipts for cotton are delivered in pledge or pawn to secure the payment of an existing indebtedness, in the absence of a special agreement to that effect, the exercise of the ordinary care on the part of the pawnee devolving upon him by law does not require that he shall keep the property insured against loss by fire.

5. Since there was evidence to support the finding of the trial judge, sitting without the intervention of a jury, there was no error in overruling the motion for a new trial.                    *Judgment affirmed.*

DECIDED SEPTEMBER 21, 1916.

Complaint; from city court of Greenville—Judge Revill.  May 19, 1915.

*N. F. Culpepper,* for plaintiff in error.

*W. G. Post, J. E. Justiss,* contra.