10347. KLEIN & SON v. VANDIVER.

Where to an action of trover for a diamond stud, sold by the plaintiff to the defendant under a contract in which title was retained in the vendor until full payment of the purchase price, the defense pleaded was that the stud had been lost without fault on the part of the defendant, and where the only testimony on this point was his statement that he "lost the same while in bathing," the defendant failed to carry the burden which the law imposed upon him, and the evidence demanded a finding in favor of the plaintiff. Such a finding having been made by the judge of the municipal court (who tried the case without a jury), it was error for the judge of the superior court to set the judgment aside on certiorari and grant a new trial.

DECIDED OCTOBER 20, 1919.

Certiorari; from Fulton superior court—Judge Pendleton. November 29, 1918.

*Douglas & Douglas,* for plaintiffs.

*Moore & Pomeroy, J. C. Savage,* for defendant.

JENKINS, P. J. This is an action of bail-trover filed in the muni-. cipal court of Atlanta for the recovery of a certain diamond stud. The case was tried before the chief judge of that court without the intervention of a jury. The evidence was brief, that of the

plaintiff being as follows: "My name is Jno. D. Allen. I work in the office of Douglass and Douglass. I called upon Mr. Vandiver and demanded the return of the property described in the petition. I do not know whether Mr. Vandiver had the property or not." The plaintiff then introduced the contract and notes, and rested; whereupon the defendant testified: "My name is H. F. Vandiver. I am the defendant in this case. I purchased the property described in the petition. At the time this suit was brought I did not have the stud. I lost the same while in bathing. I have not converted the stone. Plaintiff was advised of these facts prior to the institution of this suit." This was the entire evidence as submitted before the trial judge, who thereupon rendered judgment in favor of the plaintiff. A motion for a new trial was then made, and upon the same being overruled, the case was taken to the superior court of Fulton county by writ of certiorari. The judge of the superior court decided in favor of the original defendant by sustaining the certiorari and ordering a new trial. Plaintiff excepts to this judgment of the superior court, and contends that the trial judge did not err in finding in his favor; that the evidence showed that the diamond stud in controversy was sold upon a contract reserving title, regularly executed, and that even if it were true, as contended by the defendant, the vendee, that he had lost the diamond stud while in bathing, the trial judge was nevertheless authorized to find that this did not relieve him from liability in an action of trover. Section 4123 of the Civil Code (1910) reads: "Where property is sold and delivered, but title is not to pass until payment in full of the purchase money, and the property is lost, damaged, or destroyed without the vendee's fault, he is entitled to a rescission of the contract or to an abatement in the price, unless it is otherwise agreed in the contract of sale." Under the provisions of the code just quoted, the contention of the defendant would be sound only in the event that he showed that the loss of the property was caused without fault on his part, and the burden of establishing this was upon him. Whether or not he did so was a question of fact under the undisputed evidence, to be determined by the trial judge sitting as both court and jury. His finding that the defendant had failed to carry this burden is, in our opinion, not only abundantly authorized, but demanded by the evidence. Consequently the trial judge did not err in refusing the motion for

a new trial, and the judgment of the superior court sustaining the certiorari and ordering a new trial is therefore

*Reversed. Stephens and Smith, JJ., concur.*