### 32922. HILL v. MOBLEY.

Decided May 3, 1950.

*Walter W. Hinely,* for plaintiff in error.

*Alphene W. Dowell,* contra.

GARDNER, J.  It will be noted that the demurrer to the amended petition is general except paragraph 3 which is a special demurrer, on the ground that the amendment sets forth a new and distinct cause of action.  It will be noted that paragraph 1 of the demurrer states that the petition as amended does not set forth a cause of action for attorney's fees in any amount against the defendant as provided for in Code § 20-506.  This section provides that before attorney's fees can be recovered, notice as provided for therein must be given.  The defendant did not demur to the petition specially for this reason.  Had he done so, and the plaintiff had not amended, alleging that the notice had been given, that allegation of the petition should have been sustained.  We think that this was an amendable defect but the petition as to attorney's fees was sufficient to withstand a general demurrer.

Paragraph 3 of the demurrer attacks the petition on the ground that the amendment set forth a new and distinct cause of action. We cannot agree with this contention.

Paragraph 2 of the demurrer to the petition is a general demurrer.  We will now discuss that.  Code § 96-108 provides: "Where property is sold and delivered, but title is not to pass until payment in full of the purchase money, and the property is lost, damaged, or destroyed without the vendee's fault, he is entitled to a rescission of the contract or to an abatement in the price, unless it is otherwise agreed in the contract of sale."

The defendant contends that he is entitled to a rescission of the contract or to an abatement in the purchase price under that Code section because the title did not pass from the plaintiff to him and that since the property purchased by him was destroyed by fire that the loss fell on the plaintiff.  He cites in support of his contentions a number of decisions: *Randle* v. *Stone & Co.,* 77 *Ga.* 501; *Sparrow* v. *Pate & Bro.,* 67 *Ga.* 352;

*Gunn* v. *Knoop,* 73 *Ga.* 510; *Norris* v. *Manget-Brannon Co.,* 18 *Ga. App.* 639 (90 S. E. 79).

This case is here on general demurrer. Code § 96-108, quoted hereinabove, does not provide that ipso facto where title is retained in the seller and in the event of loss or damage, that the vendee is entitled to a rescission of the contract or to an abatement in price. But this section provides that if property is destroyed without the vendee's fault and he suffers loss that the vendee has his remedy under the Code section. We think this is a matter of defense and cannot be settled by demurrer. Moreover, under the allegations of the petition of this case, the defendant suffered no loss whether or not he was at fault. It must be kept in mind that the insurance policy was transferred by the vendor to the vendee in the transaction and the vendee collected according to the allegations of the petition more than the purchase-price. It would seem that under the facts of this case these are questions for the jury. Certainly it is a jury question as to whether the articles were burned without fault of the defendant. See, in this connection, *Randle* v. *Stone Co.,* supra. See also *Klein & Son* v. *Vandiver,* 24 *Ga. App.* 290 (100 S. E. 654), wherein this court held that the loss imposes the burden on the defendant in such a case as here, to show that the loss of the property was without his fault. The same principle applies to property destroyed by fire. In this connection, see also *Wells* v. *Fay & Egan Co.,* 143 *Ga.* 732 (3) (85 S. E. 873). The principles enunciated in that case are a complete answer to the defendant's contentions here that the court erred in sustaining the demurrer, and dismissing the petition on a general demurrer.

The court did not err in the instant case in its judgment overruling the general demurrer.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*