35530.   JOHN A. POPE MOTOR CO., INC. *v.* ROBERTS.

Decided April 11, 1955.

*Foley, Chappell, Kelly & Champion, Kenneth M. Henson*, for plaintiff in error.

*J. Walter Owens*, contra.

QUILLIAN, J. ■ For convenience of expression, we refer in this opinion to the defendant in error as the plaintiff and to the plaintiff in error as the defendant, that being the respective positions of the parties in the trial court.

The defendant contends that the petition set forth no cause of action, because the plaintiff brought a suit for money had and received, where an express contract existed, and the plaintiff's only remedy would be a suit for breach of contract.

An action for money had and received lies where the defendant receives money or its equivalent which in equity and good conscience he has no right to retain. *Carmichael Tile Co.* v. *C. A. D. Bayley & Co.*, 42 *Ga. App.* 408 (156 S. E. 319).

Where the vendor of personalty, after receiving a part of the purchase price of the thing sold from the vendee, refuses to make delivery in accord with the terms of the agreement, the vendee may elect to rescind the contract and bring an action for money had and received to recover the part of the purchase price he has paid. *Duke* v. *Cason*, 25 *Ga. App.* 344 (103 S. E. 176); *Raymond Rowe Furniture Co.* v. *Simms*, 84 *Ga. App.* 184 (65 S. E. 2d 830).

Two of the ways in which the vendee may assert his election to sue for money had and received, instead of suing for a breach of the contract, are: first, by demanding the return of the amount paid the vendor; the other is by suing for money had and received. In this case the vendee did both. The petition set forth a cause of action.

■ We have carefully examined the grounds of special demurrer, well pleaded and skilfully argued by counsel for the defendant, but in our opinion the petition as amended is not subject to the criticisms made by the special demurrer. For instance, one of the grounds of the special demurrer is that the petition does not allege what constituted a reasonable time. Indeed, it did not, but it alleged the period of time that expired between demand for and failure to deliver the automobile pur-

chased by plaintiff from the defendants. The facts alleged were sufficient to authorize the trial court to submit the issue to the jury as to whether it was a reasonable time for the delivery of the automobile.

Another ground of the demurrer attacked a rather irrelevant allegation of the petition that the plaintiff was forced to buy an automobile elsewhere. The allegation was stricken by amendment, and a somewhat similar averment substituted in its stead without any objection being interposed by the defendant.

The amendment was properly disallowed. It sought to set up that the defendant had indicated a desire to finance a balance that she would owe on the purchase price of the automobile she was purchasing under the agreement alleged in the petition. In the first place, the allegation is a mere conclusion of the pleader, the language of the letter not being set out literally or in substance in the amendment. Under the terms of the original sales agreement as it appears from the pleadings and evidence, no provision was made for credit to be extended to the plaintiff. Consequently the sale was as a matter of law a cash sale.

It is not alleged in the amendment that the plaintiff refused to pay cash for the automobile, as she was bound to do under the terms of the original contract, but is alleged simply that she indicated a desire for credit. The allegation that her credit was reported to be bad was entirely irrelevant, since her ability to obtain credit was not involved in the case.

The amendment states that the defendant advised the plaintiff that it would have the new automobile ordered by her within a few days after she arranged to pay cash for the same. The sale was a cash sale; the defendant had no right to defer delivery for a few days or for any length of time after the plaintiff arranged to pay cash; its obligation was to deliver the automobile upon cash being paid for it, not in a few days thereafter. No breach of the contract by the plaintiff is alleged in the amendment.

There was sufficient evidence to support the allegations of the petition and authorize the verdict for the plaintiff.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs in the judgment.*