### 39748. CHATHAM v. CLARK'S FOOD FAIR, INC.

CARLISLE, Presiding Judge. 1. "Three elements are essential to a contract of sale: 1. An identification of the thing sold. 2. An agreement as to the price to be paid. 3. Consent of the parties." *Code* § 96-101. A document which purports to be a bill of sale but which fails to identify the thing sold is not sufficient to convey title to anything (*Bearden Mercantile Co. v. Madison Oil Co.,* 128 Ga. 695, 698 (1), 58 SE 200), and the thing sold must be so identified by the contract, agreement or bill of sale as to be capable of being separated from the mass of other similar articles and to be identified. *Central R. & Bkg. Co. v. Burr & Flanders,* 51 Ga. 553.

2. While actual delivery of the thing sold is not essential to the completion of the sale, unless the intention of the parties manifests otherwise, there must be at least a constructive delivery. *Code* § 96-107. But, whether the delivery be actual or constructive, it cannot be accomplished without the identifi-

cation of the thing sold, and so, where there has been no identification there can be no delivery, and the sale is incomplete.

3. Where the plaintiff alleged in his petition that he purchased from the defendant "One boathouse, Model No. 924," for a stated price; that he paid the price; and that the defendant thereafter failed and refused to deliver the boathouse and further failed and refused to return to the plaintiff on demand the purchase price which he had paid, and where the prayer was for a judgment in the amount paid, plus interest, the petition, properly construed, declared on a cause of action for money had and received. *John A. Pope Motor Co. v. Roberts,* 91 Ga. App. 828, 831 (1) (87 SE2d 233). It stated a cause of action against the defendant, and on the trial thereof, if the plaintiff's evidence sustained the allegations of the petition, the matter ought to have been submitted to a jury for its determination.

4. Where the plaintiff filed a petition containing allegations in the nature above indicated, and where the defendant in its answer admitted the sale and the payment of the purchase price but denied its failure to deliver the property, and where on the trial of the case the plaintiff testified that after the defendant delivered to the plaintiff the bill of sale "for: One Model 924 boathouse," that he went to take possession of the boathouse but could not take possession because of adverse weather conditions; that when he went back at a later time the defendant's agent informed him that his boathouse "had sunk"; and where he further testified that, when he first went to take possession, there were several of the particular model boathouse located at the place where delivery was expected; that the boathouse which he bought was one of a general type and had no other identifying marks on it, the evidence did not show that the plaintiff had purchased any particular boathouse and there was, therefore, no delivery either actual or constructive, effected by the delivery of the bill of sale, and the title to the boathouse, therefore, remained in the defendant vendor until such time as the particular boathouse intended to be sold was selected.

5. Where personal property which is the subject of a contract of sale is destroyed by fire or other casualty, the loss must fall upon him who holds the title. *Norris v. Manget-Brannon Co.,*

18 Ga. App. 639 (2) (90 SE 79); *Sparrow v. Pate & Bro.,* 67 Ga. 352; *Gunn v. Knoop, Freirichs & Co.,* 73 Ga. 510.

6. Applying the foregoing principles of law to the facts in this case, the plaintiff's evidence was sufficient to authorize the jury to find that there had been no delivery of any property which was the subject matter of the contract of sale, and that the plaintiff, having paid his money and having failed to get delivery of anything therefor, was entitled to recover it back. It follows that it was error to nonsuit the plaintiff.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*

DECIDED SEPTEMBER 25, 1962.

*E. T. Hendon, Jr.,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Robt. R. Harlin,* contra.