37009. BROYLES, Assignee, *v.* KIRKWOOD COURT APARTMENTS, INC.

DECIDED MARCH 13, 1958—REHEARING DENIED APRIL 1, 1958.

*Jack Broyles, Glyndon C. Pruitt,* for plaintiff in error.

*Johnson, Hatcher & Meyerson,* contra.

CARLISLE, Judge. Jack Broyles, as assignee, filed an action in three counts against Kirkwood Court Apartments, Incorporated. The defendant filed numerous general and special demurrers. The trial court sustained all of the demurrers and dismissed the petition, and the exception here is to that ruling.

The trial judge in rendering his judgment prepared an opinion setting forth his reasons for the conclusion he reached with respect to the sustaining of the general demurrer. If his judgment was right for any reason, it will be affirmed regardless of the merit, or lack of it, in the reasons assigned by him in his opinion. *Walden* v. *Barwick,* 72 *Ga. App.* 545 (2) (34 S. E. 2d 552). We have come to the conclusion that his judgment was correct and we shall briefly set forth the reasons for our view.

Each count of the petition alleged that the defendant corporation was indebted to the plaintiff in the amount sued for because the plaintiff assignor had advanced to the corporation or paid sums out on behalf of the corporation totaling these amounts pursuant to the terms of the contract referred to as Exhibit "A"; that the contract sued on was prepared for the corporation by its general manager and attorney; that the instrument was signed by all of the officers, directors, stockholders and agents of the corporation and was, therefore, approved, ratified and adopted by the corporation at the time of its execution and was thereafter approved, ratified and adopted by its accepting and retaining the benefits of the contract and that the contract having been signed by all the officers, directors, stockholders and agents of the corporation, it was, therefore, a corporate act and a corporate contract. The instrument attached to the petition as Exhibit "A" recites that it is an agreement made and entered into "between H. G. Walton, first party, and Herbert Johnson, second party," and it recites further that, whereas the parties are owners of certain real estate on which they are building a 32-unit apartment house, and, whereas, they are the sole owners of the stock of a corporation known as Kirkwood Court Apartments, Inc., it is agreed between them, etc., and then follow three stip-

ulations or agreements respecting the payment of moneys, presumably in connection with the construction of the apartments, and the instrument is signed by H. G. Walton and by Herbert Johnson solely in their individual capacity.

So far as appears from this instrument, there is no apparent connection between the ownership of the stock in the corporation and the construction of the apartment project. It does not appear therefrom that there was any connection between the corporation, the real estate and the apartment project. It is not stated in this instrument that the corporation owned the apartment or the real estate, and it is not directly alleged in the petition that the corporation now owns the apartment, this fact, if it be so, being raised solely by inference. This instrument in no wise purports to be a contract or undertaking of the corporation, but is purely and simply the individual contract and undertaking of the parties. The fact that the instrument was signed by all of the officers and all of the directors and all of the stockholders and by all of the agents of the corporation (it being alleged that Walton and Johnson were the sole stockholders and owners of the corporation) does not make the instrument a corporate undertaking where plainly on its face it does not appear to have been so. Therefore, the allegation in the petition that it was a corporate undertaking is a bare conclusion directly contradicted by the specific facts alleged and appearing from the petition, and this conclusion must yield to those facts. *Conney v. Atlantic Greyhound Corp.*, 81 *Ga. App.* 324, 327 (58 S. E. 2d 559), and cit. Under these circumstances, the allegation that the corporation ratified and adopted and approved the contract cannot stand, since a contract which does not on its face purport to be made on behalf of a corporation is not subject to ratification for the reason that a principal cannot ratify a contract which is not in the first instance made on its behalf. The only place where the corporate name appears in the instrument is in the body thereof where the parties recite that one of the inducements for their entering into the contract is their ownership of the stock in the corporation. " 'The doctrine of ratification is not applicable against a person as to an act of one who did not assume to act in his name or under authority from him.' " *Greene* v. *Golucke*, 202 *Ga.* 494 (2) (43 S. E. 2d 497). It follows from what

we have said, and applying the elementary rule of the construction of pleadings against the pleader on general demurrer, that the petition failed to state a cause of action as a whole or in any of its counts and that the trial court properly sustained the general demurrer and dismissed the action.

Judgment affirmed. *Gardner, P. J., and Townsend, J., concur.*