37487. BROYLES *v.* JOHNSON.

DECIDED JANUARY 20, 1959—REHEARING DENIED FEBRUARY 5, 1959.

*Jack Broyles, G. C. Pruitt,* for plaintiff in error.

*Johnson, Hatcher & Meyerson, Henry M. Hatcher, Jr.,* contra.

NICHOLS, Judge. In *Broyles* v. *Kirkwood Court Apts., Inc.,* 97 *Ga. App.* 384 (103 S. E. 2d 97), it was held that the contract here sued on was a contract between the parties signing said contract and was not, and could not be construed as being a contract ratified by the corporation. In that case the plaintiff was seeking to recover from the corporation for items 1 and 2 of the quoted contract. In the present case the plaintiff is seeking to recover from the defendant the profits referred to in item 3 of such contract.

While this court cannot take judicial notice of the record in

another case (*Georgia Cas. &c. Co.* v. *Reville*, 95 *Ga. App.* 358, 98 S. E. 2d 210), the holding by this court, in the *Broyles* case, supra, as to the proper construction of the contract controls in the present case inasmuch as the contract is the identical contract sued on in that case. Such contract is necessarily on "all fours" with the contract in the present case.

The material allegations of the petition were substantially as follows: The defendant "took over" the corporation and excluded Walton, the plaintiff's assignor, from its operation, although Walton owned one-half of the stock of the corporation, that there were never any third persons or creditors involved in the corporation, that later the defendant obtained a judgment against Walton for moneys owed him prior to the organization of the corporation, levied on Walton's stock and then bought it in at the sheriff's sale, that the defendant later "stripped" the corporation of its cash, and sold the stock for cash to parties unknown to petitioner, delivering to the purchasers only the corporate building and land under the said sale," and that the defendant violated the contract by taking Walton's profits of the corporation.

It is conceded by both parties that the dividends on stock of a corporation follow the stock in the absence of a contract to the contrary. See *Central R. & Bkg. Co.* v. *Papot*, 59 *Ga.* 342. It is also agreed that in the absence of a dividend being declared that generally a stockholder cannot demand a distribution of the assets of a corporation. See *Central Ry. Co.* v. *Central Trust Co.*, 135 *Ga.* 472 (69 S. E. 708); *Bank of Morgan* v. *Reid*, 27 *Ga. App.* 123 (107 S. E. 555).

While upon equitable principles the legal entity of a corporation may be disregarded (*Schwob Mfg. Co.* v. *Huiet*, 69 *Ga. App.* 285, 25 S. E. 2d 149), the present case is not one involving equity, it being brought in the Civil Court of Fulton County.

The plaintiff's petition does not allege that any dividends have been declared by the corporation, and the contract being sued on being between the parties in their individual capacities only, the contract could not be construed, in an action at law, as binding the corporation. Therefore, since no dividends have been declared by the corporation there were no *profits* to be

divided between the individuals, and accordingly no breach of item 3 of the contract has occurred under the allegations of the petition. The trial court did not err in sustaining the defendant's general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*