## 37497. JOHNSON *v.* BROYLES.

QUILLIAN, Judge. This is a suit for money had and received. A well pleaded suit of that nature must show that the plaintiff is entitled to money or its equivalent wrongfully obtained or retained by the defendant. *Carmichael Tile Co.* v. *Bayley & Co.*, 42 *Ga. App.* 408 (156 S. E. 319); *Cutright* v. *Nat. Union Fire Ins. Co.*, 65 *Ga. App.* 173, 177 (15 S. E. 2d 540); *Dobbs* v. *Perlman*, 59 *Ga. App.* 770 (2 S. E. 2d 109). The absence of either requirement is fatal to the cause.

The petition in this case definitely identified the case of H. G. Walton, suing for the use of Jack Broyles v. Kirkwood Court

Apartments, Inc., Number 522,567 in the Civil Court of Fulton County, and alleged that the plaintiff's right to prevail in this case was dependent upon his obtaining a judgment against Kirkwood Court Apartments, Inc. Prior to the appeal in the case sub judice the case numbered 522,567 was tried in Fulton Civil Court; the plaintiff's petition was dismissed on general demurrer and his right of recovery denied. The judgment was affirmed by this court. *Broyles* v. *Kirkwood Court Apartments*, 97 *Ga. App.* 384 (103 S. E. 2d 97).

The plaintiff's petition in *Broyles* v. *Kirkwood Court Apartments*, supra, and the petition in this case set forth substantially the same facts as those upon which the right of recovery is predicated. Consequently, the holding in that case that the plaintiff's petition set forth no cause of action is controlling in this case. Accordingly we hold that the petition in this case does not show a right of the plaintiff to the money sued for and is subject to the defendant's general demurrer.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED JANUARY 28, 1959—REHEARING DENIED
FEBRUARY 5, 1959.

*Johnson, Hatcher & Meyerson, Henry M. Hatcher, Jr.,* for plaintiff in error.

*Jack Broyles, G. C. Pruitt,* contra.