38578.  BROYLES v. JOHNSON.

DECIDED JANUARY 6, 1961—REHEARING DENIED FEBRUARY 2, 1961.

*Jack Broyles, Elijah A. Brown,* for plaintiff in error.

*Johnson, Hatcher, Meyerson & Irvin, Henry M. Hatcher, Jr.,* contra.

NICHOLS, Judge. ■ When this case was previously before this court and the judgment of the trial court sustaining the defendant's general demurrers was reversed, no question was presented as to the defendant's special demurrers to the petition inasmuch as the trial court had not at that time passed on such demurrers. After the case was returned to the trial court and judgment was entered on the general demurrer in accordance with the decision of this court, the trial court overruled certain special demurrers and sustained one special demurrer to allegations which the defendant insisted, in its demurrer, constituted an attempt to plead evidence. These allegations, pleaded in an amendment to the original petition, sought to plead the answer pleaded in another law suit by another party. The court in striking such allegations held that such allegations constituted a pleading of evidence but further held that the admissibility of such alleged evidence on a final trial was not being passed upon. The ruling of the court, if error, was not harmful, since the allegations, as an amendment to the petition, stood automatically denied and the plaintiff was not, by this ruling prohibited from introducing evidence in support of such allegations.

■ The plaintiff demurred to two paragraphs of the defendant's answer. Both of these demurrers were overruled and the plaintiff excepted. The paragraphs of the answer objected to were not subject to the demurrers filed and, even if such paragraphs had been stricken under the other allegations of the defendant's answer, the ultimate issues to be decided by the jury would not have changed. No harmful error is shown by this assignment of error.

■ The defendant filed a plea in abatement to which the plaintiff demurred. Thereafter the defendant dismissed such plea in abatement and the court struck the plaintiff's demurrers to such

plea. Error is assigned on this judgment. The plaintiff admits in its brief that such action was not error but contends that he must except to such judgment if the plea in abatement could be used to aid a plea of res adjudicata filed later by the defendant. The judgment relied on in the plea of res adjudicata not having been rendered until after the first term of the present case, it was not necessary that such plea be filed at the first term. See in this connection *Hill v. Cox*, 151 Ga. 599 (107 S. E. 850); *Loveless v. Carten*, 64 Ga. App. 54 (12 S. E. 2d 175). Accordingly, the plea of res adjudicata need not rely upon the plea in abatement and no error is shown by this assignment of error.

■ The defendant filed a plea of res adjudicata after a final judgment was rendered in his favor on two actions brought against him by the plaintiff on the same day that the present action was brought.

The plaintiff's demurrers to such plea were overruled and error is assigned on such judgment. The plea of res adjudicata was based on the judgments adverse to the plaintiff in the two companion cases to this case, *Broyles v. Johnson*, 99 Ga. App. 69 (107 S. E. 2d 851), and *Johnson v. Broyles*, 99 Ga. App. 76 (107 S. E. 2d 853). Both of these cases were based on rights arising out of the same contract on which the present cause of action arose. In the first cited case it was held that the plaintiff's petition failed to set forth a cause of action since no profits were alleged. In the latter case it was held that the petition was subject to general demurrer because the plaintiff's right to recover from the defendant was based on his right to recover from the corporation, which right he did not have. The present case deals with the right of the plaintiff to recover from the defendant the amount of advances made to the corporation because the defendant failed to require, or refused to permit, the corporation to repay such advances. The exhibits attached to the plea of res adjudicata show that at least a part of the money sought in the present action was sought in the prior action where a general demurrer to the plaintiff's petition was sustained. In the prior action where the same money was sought it was sought because of an alleged breach, by the defendant, of the same clause of the contract as the alleged breach in the present case. Therefore,

the plea was not subject to general demurrer for such reason. The remainder of the grounds set forth as to why the plea was subject to demurrer are controlled adversely to the plaintiff by the cases cited in the preceding division of this opinion. This ruling also disposes, adversely to the plaintiff, of the assignments of error on the judgments refusing to "strike" the defendant's plea of res adjudicata, overruling the objection to evidence adduced on the trial of the plea of res adjudicata, and sustaining the plea of res adjudicata as to a part of the recovery sought. See also *Spence v. Erwin,* 200 Ga. 672 (38 S. E. 2d 394).

■ The next question presented is whether the trial court erred in refusing an amendment, on the trial of the case, in which attorney's fees were sought. Under *Code* § 20-1404 attorney's fees are allowable when "the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."

In the case of *Schaffer Baking Co. v. Greenberg,* 51 Ga. App. 324, 326 (180 S. E. 499), it was held that, when the amount of the defendant's liability was substantially less than the amount sued for, a finding for attorney's fees was unauthorized. See also *Crump v. Ojay Spread Co.,* 87 Ga. App. 250, 252 (73 S. E. 2d 331), and cases there cited. The plaintiff here sued for considerably more than the amount recoverable inasmuch as the defendant's plea of res adjudicata was sustained as to a considerable part of the recovery sought. Accordingly, the trial court did not err as contended in this assignment of error.

■ Just prior to the trial of the case the defendant filed an amendment to his answer in which he sought to have set off, against any recovery that the plaintiff might be entitled to, a judgment obtained against the plaintiff's assignor in the Superior Court of DeKalb County (See *Walton v. Johnson,* 213 Ga. 108, 97 S. E. 2d 310).

The plaintiff relies upon cases exemplified by *Bank of Oglethorpe v. Brooks,* 33 Ga. App. 84 (125 S. E. 600), where it was held that when funds were received "in trust" by a bank they could not be set off by the bank in payment of a debt owed the bank by the depositor. In that and similar cases the funds were received "with knowledge" of the trust.

In the present case the defendant was seeking to set off the judgment obtained against the plaintiff's assignor in a suit filed before the assignment of the chose in action to the plaintiff which pending action was known to the plaintiff when he obtained the assignment of the chose in action. In *Gurry v. Perryman*, 6 Ga. 119, 123, it was said "the rule, with regard to the assignment of choses in action, not negotiable, we understand to be, that every person who takes an instrument, not assignable by the terms of it, must take it principally on the credit of him from whom he receives it, for it is always liable to be defeated by equitable circumstances subsisting between the original contracting parties, being taken legally subject to all the equities of the original debtor." In *McCaw Mfg. Co. v. Felder & Rountree*, 115 Ga. 408 (41 S. E. 664), the Supreme Court held that, while as a general rule setoff must be between the same parties and in their own right, the transferee of a chose in action other than a negotiable security takes it subject to the equities existing between the original creditor and the debtor. See also *Ellis v. Dudley*, 19 Ga. App. 566, 568 (91 S. E. 904). The amendment to the defendant's answer, in which the setoff was pleaded, met the necessary requirements in order to permit the defendant to go to the jury on such issue, and the judgment of the trial court overruling the plaintiff's oral motion to strike such plea was not error.

■ On the trial of the case the defendant introduced in evidence the verdict, judgment, etc., relied on in his plea of setoff over the objection of the plaintiff. In view of the ruling in the preceding division it was not error to admit such evidence. This evidence, together with the assignment of the non-negotiable chose in action and the stipulation between the parties as to the amount that had been paid on such judgment, demanded the verdict for the defendant returned by the jury. Accordingly, the remaining special grounds of the motion for new trial will not be considered, for any error shown was harmless, and the judgment of the trial court overruling the plaintiff's motion for new trial and motion for judgment non obstante veredicto must be affirmed.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*