THE CITY OF COLUMBUS *v.* OGLETREE.

1. Upon the trial of an action against a municipal corporation for personal injuries, it was error to instruct the jury that a given state of facts would be sufficient to establish negligence on the part of the defendant, these facts not being such as would in law, *per sese*, constitute negligence.

2. It not having been shown that the duty of looking after and reporting the condition of the streets and sidewalks of the city devolved upon its policemen, it was error to charge that notice to "the police" of the defective condition of a particular street or sidewalk would be notice to the municipal corporation.

v 96-12

3. Even if the plaintiff was entirely without fault, he would not be entitled to recover unless his injuries were caused by, or attributable to, negligence on the part of the defendant.

April 29, 1895. Brought forward from the last term.

Action for damages. Before Judge BUTT. Muscogee superior court. May term, 1894.

J. H. WORRILL, for plaintiff in error.

G. Y. TIGNER and BLANDFORD & GRIMES, *contra.*

LUMPKIN, Justice.

This was an action against the City of Columbus for damages alleged to have been sustained by the plaintiff from falling into a hole in the sidewalk upon a public thoroughfare of the city, the declaration charging that this hole had been carelessly and negligently left open by the city. There was a verdict for the plaintiff, and the defendant excepted to the overruling of its motion for a new trial.

1. The court, among other things, charged as follows: "If a man passes along the street and purposely, negligently and carelessly deviates from the regular traveled way, and falls into an excavation and is injured, then the city would not be liable. But, on the other hand, if you believe from the evidence that the plaintiff was passing along, and that he inadvertently or unintentionally deviated slightly from the regular traveled way, and fell into this open eye of the sewer, or hole in the sidewalk or near thereto, then it would have been negligence on the part of the city, provided it was in such close proximity to the sidewalk that the plaintiff did not know of its dangerous condition." It can hardly be doubted that this charge was erroneous. If anything is settled in the law of this State, it is that, as a general rule, what will or will not constitute negligence is a question peculiarly for determination by the jury. Where by express law a given act or omission is forbidden, or declared to be negligent, the judge may in-

form the jury that such act or omission constitutes negligence; but in all other cases it is improper for him to instruct the jury that a particular state of facts would, or would not, be sufficient to establish negligence on the part of either party to the case on trial. There is no occasion to cite authority for what is here said, for the rule stated is well known and generally accepted. We have no doubt at all that our able and learned brother of the circuit bench is perfectly familiar with the law on this subject, and he doubtless fell into error through mere inadvertence.

2. The court also charged: "As to knowledge upon the part of the defendant, gentlemen, the police, or other city officials, or any one of them, would be notice to the whole. In other words, if you believe from the evidence in this case that the policemen, who were the agents of the city or in the employ of the city, had notice of the dangerous condition of this street or sidewalk, and they failed to take steps to repair the damage or to repair the sidewalk so as to make it reasonably safe, then the city would be liable for injuries resulting therefrom." It does not appear that this charge was based upon anything contained in the charter or ordinances of the City of Columbus, making it the duty of its policemen to look after and report the condition of its streets and sidewalks; but it would seem that the judge was undertaking to state what he regarded as the general rule upon this subject, without reference to charter provisions or municipal regulations. Thus regarded, we do not think the doctrine of the charge sound; certainly not to the extent of being alike applicable to all incorporated cities. In the absence of any ordinance or statutory provision specially defining the powers and duties of policemen, they are presumptively, as at common law, mere peace officers. Throop on Pub. Offi. §565. Ordinarily, therefore, it would not be presumed

that a policeman was specially charged with any duty respecting the streets or sidewalks of a city; and if, as matter of fact, any such duty did devolve upon the police officers of a city, this fact should be made affirmatively and unequivocally to appear.

In Mechem on Pub. Off. §844, the rule in the case of an agent acting for a private principal is stated to be, that the law imputes to the principal all notice relating to the subject-matter of the agency which the agent acquires while acting as such, and within the scope of his authority, etc. In section 845 the same rule is applied to private corporations; and it is further stated that "the notice or knowledge must have come to an agent whose powers and authority extend over the particular subject-matter to which the notice or knowledge applies." And in section 846, while the author remarks that it is not yet fully settled by the authorities to what extent the rules applicable to private agencies will obtain in respect to public officers, he does distinctly assert that "notice or knowledge in reference to a matter over which [a public officer] has no authority, and in respect to which he has no duty to perform, cannot be deemed notice to the public." Under these rules, it would seem, that unless it be affirmatively shown that a police officer has some duty to perform in reference to the streets or sidewalks, notice to him of their condition would not necessarily be notice to the municipal authorities. In Cook v. City of Anamosa, 66 Iowa, 427, 23 N. W. Rep. 907, it was distinctly ruled that notice of a defect in a sidewalk communicated to a city marshal, is not such notice to the city as will render it liable for an injury resulting therefrom.

In our investigation, we found some extreme cases in which it was held that notice to a member or members of the city council in regard to a defect in a public street would not be notice to the city itself; but we do

not cite them, for the reason that they carry the doctrine further than we are, as at present advised, willing to go.

In section 187 of Jones on Negl. of Mun. Corp., which treats of notice of a defect in a city street, there is an expression to the effect that "it has accordingly been held that notice to the members of the police force of a city is notice to the city," and a number of cases are cited in a note to this section. An examination of them, however, will show that in every instance the police force was specially charged with some duty respecting the streets or sidewalks of the city; and this assertion by Mr. Jones in his text must be considered and understood with reference to the authorities cited by him to sustain it. See Rehberg v. Mayor etc. of New York, 91 N. Y. 137; Goodfellow v. Mayor etc. of New York, 100 N. Y. 15; Twogood v. Mayor etc. of New York, 102 N. Y. 216; Carrington v. City of St. Louis, 89 Mo. 208, 58 Am. Rep. 108; City of Denver v. Dean, 10 Colo. 375, 3 Am. St. Rep. 594. In Donaldson v. City of Boston, 82 Mass. 508, it appears that the trial judge instructed the jury that notice to the mayor, aldermen, superintendent of streets or policemen, would be notice to the city; but declined to instruct them that knowledge of the defect in question on the part of some of the principal citizens and taxpayers would likewise be such notice. The reviewing court did not deal specifically with the question of whether the charge as given was a correct proposition of law, but contented itself with saying that it was as favorable to the plaintiff as she had any right to demand or expect.

The ordinances of the City of Columbus were not introduced in evidence, and we have not deemed it essential to scrutinize the charter of that city. If they throw any light upon the question of negligence involved in the present case, they may be resorted to for what they are worth at the next trial.

3. Another charge complained of was in the following language: "Although one may know of the dangerous places in the street, yet if in passing along he inadvertently, and without any fault upon his part, falls into it and he sustains injuries to his person thereby, he would be entitled to compensation in damages, and the city would be liable for whatever amount of damages he has proven to have sustained by reason of this injury." We think this charge too broad in its statement of what would render the city liable, because it eliminates from the investigation to be had by the jury any and all inquiry as to whether the city was guilty of any negligence. No matter how free from negligence the plaintiff might have been, he certainly would not be entitled to recover, unless his injuries were caused by or attributable to negligence on the part of the defendant. Under the charge quoted, if the plaintiff, while himself exercising proper care, inadvertently fell into a hole in the sidewalk and was injured, the city was made liable without more. Whereas, before the city could be rendered liable, it must have been guilty of some negligence, either in causing the hole in question to exist, or in permitting it to remain unrepaired for an unreasonable length of time after the municipal authorities had, or in the exercise of ordinary and reasonable diligence ought to have had, knowledge of its existence. There being no presumption of negligence against the city, it was incumbent upon the plaintiff to prove negligence on its part; and as the charge with which we are now dealing entirely relieved the plaintiff from the necessity of so doing, it was necessarily erroneous and harmful to the city.

Some other questions were presented in the motion for a new trial, but we have dealt with those which ought to control the case at the next hearing.

*Judgment reversed.*