# CENTRAL OF GEORGIA RAILWAY CO. v. McKENNEY.

1. Evidence of particular acts of the defendant at the time at which it was alleged that the plaintiff sustained injuries by alighting from a train is admissible, when such evidence tends to illustrate the manner in which the plaintiff claimed he was injured, although a statement of these acts is not set out in detail in the petition.

2. Whether the commission of, or omission to do, particular acts by a railroad company was negligence as to one who has been injured by the running and operation of a train of cars, must, as a general rule, be determined by a jury ; and it is error for the judge on the trial of a case brought to recover damages for such injuries, to charge the jury that the omission to do a certain act was negligence, when not expressly made so by the law.

3. The charge complained of in the fourth ground of the amended motion for a new trial was not erroneous for any of the reasons assigned.

Submitted May 1,—Decided July 23, 1902.

Case. Before Judge Candler. Clayton superior court. December 9, 1901.

*R. L. Berner* and *Hall & Cleveland*, for plaintiff in error.
*Arnold & Arnold*, contra.

LITTLE, J. An action was instituted against the railway company by McKenney, to recover damages for personal injuries which the plaintiff alleged he sustained by reason of the negligence of the agents of the company in the running and operation of its cars. It appears that the plaintiff was a passenger on one of the cars of the defendant, for the purpose of being transported to Lovejoy, and it is alleged that he was injured in attempting to alight from the train after it had arrived at that place. The specific acts of negligence with which the defendant was charged were, that it negligently failed to stop the train a sufficient time for the plaintiff to alight safely; that it negligently started the train while the plaintiff was in the act of alighting, and before he had completely and safely reached the ground the car was negligently started with a sudden jerk. The evidence in relation to the manner and circumstances under which the plaintiff alighted from the car was in direct conflict. The plaintiff himself testified, among other things, that " when the train got to Lovejoy they were running very rapidly. They ran through the station and went past the regular depot some distance, and I went to get out of the train and stepped on the step like, and the conductor told me to make haste. The track is on a fill there like, and I couldn't reach the ground hardly; and I slid down with this hand holding' the hand-brake, and had an umbrella in that hand, and I kinder sat down on the lower step and slid off and caught on the ground; couldn't touch it by stepping down, one foot up here and the other one on the ground; just kinder sat down on the step like; and as I slid off the train snatched off and jerked me back, and some part of it struck me out a piece from the train." He further testified, that when the conductor called out the station, he was sitting about the middle of the coach; that he got up and walked to the front end of the car and stepped out; that the train was slowing up, and the conductor called to him to make haste, and as he stepped down on the steps the conductor was standing on the opposite side of the platform; that he hurried as much as he could; that the train stopped only a little while — merely stopped, and then commenced running again; that when he first went to get off it had stopped, but by the time he got his foot on the ground it had started off, and did not stop long enough for him to get to the ground. It was a dark, cloudy, rainy night, and there was a fill at the place where he got off. There

was other evidence which, in some measure at least, tended to corroborate a part of the evidence of the plaintiff.

On the other hand, the conductor testified that the stop at Lovejoy was from two to two and a half minutes; that there were other passengers for the station, and they got off; that ample time was given, and the plaintiff was the last one to get off; that he had called the attention of the plaintiff to the fact when he got to Lovejoy, and everybody got out of the car but him; that plaintiff stood for sometime after they had got to Lovejoy, talking to a lady; that he kept calling the station, and, seeing that plaintiff was making no start to get off, he started his train; that when plaintiff came to the door he ran to him and put his hand on his shoulder and told him to hold on and let him stop the train; that just as he did that, the plaintiff jumped off the platform to the ground, etc. There was much other evidence tending to corroborate the conductor as to the manner in which the plaintiff left the car. The plaintiff also introduced evidence as to the extent of his injuries. Other evidence was also introduced, but it is not necessary that it be reported here in order that the points made and decided shall be understood. The case was submitted to the jury, and a verdict in favor of the plaintiff for $1,500 was rendered. The defendant submitted a motion for a new trial, which was overruled, and it excepted. The motion complains that the verdict was contrary to law, to the evidence, and without evidence to support it; and that the verdict was against certain distinct portions of the charge of the court. As the case is to be tried again, it would be profitless to separately consider those grounds which alleged that the verdict was contrary to the charge of the court in certain particulars, as these grounds mean nothing more than that the verdict was contrary to law. It is to be presumed that the court charged the jury on all the theories which arose from the evidence in the case; and the fact (if it be one) that the verdict was not in accord with the instructions given under one theory affords no reason that it was not properly returned under another portion of the charge given under a different theory of the case as made by the evidence. With this reference to these grounds of the motion, we take up the others in the order in which they are set out.

1. Complaint is made that the court erred in admitting the following evidence of the plaintiff: "When the train got to Lovejoy

they were running very rapidly. They ran through the station and went past the regular depot some distance." The objections were, that there was nothing in the petition alleging that the train ran beyond the regular stopping-place and put the plaintiff off at the wrong place; that this evidence sought to charge the defendant company with negligence in running past the depot; that it did not illustrate the issues raised by the pleadings; and that it tended to prejudice the jury against the defendant. None of the objections are, in our opinion, good, and we think that the evidence was properly admitted. The plaintiff had charged that he was injured while alighting from the train at Lovejoy, and we do not understand this evidence to mean that he was injured in attempting to alight at any other place than Lovejoy. It was not necessary, in order for this evidence to have been admissible, that the petition should have alleged that he attempted to alight at any particular place at Lovejoy. The evidence related to mere matters of description, and having alleged injury sustained by alighting from the train at Lovejoy, and that this injury was occasioned by the negligence of the defendant, evidence of any act tending to show the manner in which the negligence injured him was admissible.

2. It is alleged that the court erred, after charging the jury, in effect, that it was a disputed question of fact in the case, whether or not the train was stopped long enough at Lovejoy to allow the passenger to have alighted safely, and that question was one for the jury to determine, in further charging as follows: "If you believe the train did not stop long enough to allow this passenger to alight in safety, that would be, upon the part of the company, negligence." The specific ground of error assigned is that the court charged that a certain act was negligence, which it had no right to do. We are constrained to rule that this ground of the motion was well taken. The question is not an open one in this State. If it were, so far as I am concerned, the ruling on this point would be different. In the case of the *Atlanta, Knoxville & Northern Railway Co.* v. *Bryant,* 110 *Ga.* 247, it was ruled that "It is error for the judge, on the trial of an action to recover damages against a railroad company for personal injuries occasioned by the running and operation of its trains, to charge the jury that acts not falling within the class below indicated constitute negligence. Only the commission of those acts which are prohibited by statute, or the omis-

sion of those things which are prescribed by statute, constitute, under such circumstances, negligence per se. Whether the commission of acts other than those so inhibited, or the omission to perform those required, constitutes negligence, is a question of fact, and must be determined by the jury, and not by the judge;" for which proposition the following authorities are-cited: *Wright* v. *Ga. R. Co.,* 34 *Ga.* 330; *A. & W. P. R. Co.* v. *Wyly,* 65 *Ga.* 120; *Harris* v. *Central R. Co.,* 78 *Ga.* 525; *W. E. & A. S. R. Co.* v. *Mozely,* 79 *Ga.* 463; *E. T., V. & G. R. Co.* v. *Kane,* 92 *Ga.* 187; *W. & A. R. Co.* v. *Bussey,* 95 *Ga.* 584; *City of Columbus* v. *Ogletree,* 96 *Ga.* 177; *B. & W. R. Co.* v. *Gibson,* 97 *Ga.* 489. For a complete collection of the cases in which the same ruling has been made by this court see Hopkins' Law of Personal Injuries, §§ 25, 26. The instruction in this case was, that if the train did not stop long enough to allow the plaintiff to alight in safety, the failure to do so would be negligence upon the part of the company. We know of no law which prescribes that a train shall stop at a station any given time, nor are we aware of any statute which declares that an omission on the part of the company to stop at a station any particular length of time, or for any purpose, is negligence. Hence, the rule above stated is controlling on this point; and under these authorities the question to be submitted to the jury on this particular point was whether the railroad company was, under the evidence, guilty of negligence in not stopping at Lovejoy a sufficient length of time to allow the plaintiff to safely alight.

3. Complaint is made that the judge erred in certain charges made as explanatory of the provisions of the law incorporated in the Civil Code, § 2322. In effect these explanations were, that if the company had been guilty of slight negligence towards the complainant, and if he also, in the opinion of the jury, had been guilty of negligence, and negligence which would not amount to a lack of ordinary care on his part, then he might recover, but the jury must fix the proportion; that they could see how much negligence one was guilty of, and how much the other, and apportion the damages as they might apportion the negligence. In other words, if the plaintiff was not guilty of such negligence as would bar his recovery, then the jury should apportion his damages, just as they apportion the amount of negligence each had been guilty of, to reduce the amount of damages that plaintiff would otherwise be entitled to

2

recover.   The objections made to this charge are, that it does not state the law of contributory negligence correctly ; that the rule of law does not apportion the damages as the jury apportions the negligence ; that it was not proper to charge the jury the principle that the plaintiff could not recover if the injury was the result of his negligence, in · connection with the law of contributory negligence, as such charge was calculated to confuse the minds of the jury in their application of the facts to the different principles of the case.   Substantially, the charge was correct as far as it went. The principle of law which was being discussed by the judge in this portion of the charge might have been extended further, in this : that if the railroad company and the petitioner were equally at fault, there could be no recovery ; but the want of such extension is not complained of.   Looking to the objections urged by the movant to this charge, we are of opinion that such objections are without merit.   Each of the propositions of law which were charged is contained in the same section of the code.   Each of them was applicable to the contentions and evidence in the present case.   That they were joined in the same portion of the charge is not, in our opinion, objectionable ; and, as stated, the proposition that the damages should be proportioned as the negligence had been apportioned by the jury, conceding that each of the parties had been guilty of negligence, does not seem to be erroneous.

The judgment of the trial judge is reversed because of the error in charging as set out in the second division of this opinion.

*Judgment reversed.   All the Justices concurring, except Lewis, J., absent.*