### PORTNER BREWING COMPANY *v.* COOPER.

1. Where a motion for new trial and the rule nisi thereon have been served upon the respondent, and an amendment thereto is afterward regularly filed and approved by the trial judge, who overrules the amended motion upon its merits, this court can not refuse to consider the amendment because it was not served upon the respondent.

2. Where the condition of a set of harness is the subject of inquiry, it is error to overrule a proper objection to evidence as to the condition of a set of harness which is not identified as the one under investigation.

3. It is error for a trial judge to instruct the jury that given facts would constitute negligence, when the facts are not such as are made by law to constitute negligence per se.

4. It is also error to charge that, where an employer has agreed to furnish an employee a harness sufficiently strong to enable him to control a certain horse, the employer is thereby made an insurer of the quality of the harness furnished, and that he is not in the exercise of ordinary care unless he makes his assurance good.

5. Other assignments of error are covered by the opinion.

Argued July 1, — Decided August 7, 1902.

Case. Before Judge Eve. City court of Richmond county. January 30, 1902.

*Salem Dutcher,* for plaintiff in error. Master not liable for sudden breaking of harness not shown defective : 58 *Ga.* 486 ; 86 *Ga.* 388 ; 111 *Ga.* 432. Presumption in master's favor, and burden on servant to show negligence: 83 *Ga.* 75 ; 103 *Ga.* 515 ; 112 *Ga.* 288 ; 113 *Ga.* 80 ; 114 *Ga.* 720. Servant can not recover if by ordinary diligence he could have discovered unsafety of appliance, though master were negligent: 58 *Ga.* 486 ; 78 *Ga.* 260 ; 92 *Ga.* 495 ; 95 *Ga.* 34 ; 99 *Ga.* 283 ; 101 *Ga.* 715 ; 111 *Ga.* 432 ; 113 *Ga.* 276 ; 114 *Ga.* 416 ; 47 L. R. A. 170 ; 50 Atl. 841.

*William K. Miller* and *Boykin Wright,* contra, cited Civil Code, §§ 2610–11, 3821 ; 69 *Ga.* 137 ; 74 *Ga.* 59 ; 76 *Ga.* 823 ; 80 *Ga.* 524 ; 84 *Ga.* 14 ; 86 *Ga.* 418, 538 ; 87 *Ga.* 323 ; 88 *Ga.* 287 ; 92 *Ga.* 399, 730 ; 102 *Ga.* 71 ; 104 *Ga.* 582, 697 ; 8 C. & P. 691, 34

E. C..L. R. 587; 7 H. & N. 943; Bailey, Pers. Inj. §§ 3, 241 – 2, 250 – 3, 458, 3073, 3079 – 81; 12 Am. & Eug. Enc. L. 961; 14 Id. 853 – 8, 877, 897; 15 Id: 755; Wood's M. & S. (2d ed.) 346, 378; Shear. & Red. Neg. § 223; Cool. Torts (2d ed.), § 559; 1 Add: Torts, 278; 100 U. S. 213, 225 (25 Law. ed. 617); 168 U. S. 135; 170 U. S. 665; 22 Wis. 432; 38 Neb. 234, 56 N. W. 967; 57 Minn. 303, 59 N. W. 188; 9 Tex. Civ. App. 322; 81 Ala. 200, 60 Am. St. R. 152; 23 S. W. 387.

SIMMONS, C. J.    Suit for damages for personal injuries was brought by Cooper against the Robert Portner Brewing Company and its manager.    The plaintiff alleged that he was employed to deliver defendants' beer from a wagon which, with horse and harness, defendants were to furnish.    He was given a horse which had run away, but he was assured by defendants that it would not run away if carefully handled, and that a strong set of sound and suitable harness would be supplied him.    Relying upon the promise to furnish him a strong and sound harness, he used the horse. While he was proceeding quietly along the street the horse shied, the harness broke and caused the horse to try to run away, then other portions of the harness gave way, and plaintiff was seriously injured by the kicking of the horse.    Defendant had failed to supply such a harness as was reasonably safe with such a horse, had failed to keep the harness in proper repair, and, after having undertaken to repair the harness, had negligently stopped the repairs to have work done on other harness.    See 112 *Ga.* 895.    The defendants answered that plaintiff had, in spite of their warning, used this horse rather than others offered him, because it was faster than the others, and that plaintiff's injuries were not due to the condition of the harness, which was sound, but resulted from plaintiff's own negligence.    They also denied having agreed to supply plaintiff any unusually strong set of harness, and alleged that the harness furnished was reasonably safe and strong.    The company's manager also denied that plaintiff was in his employment.    On the trial the jury returned a verdict against the company, but in favor of its codefendant.    The company moved for a new trial, and the judge overruled the motion.    The company excepted.

1. The original motion for new trial contained but three grounds, and they were general in character.    A rule nisi issued, in which it was provided that the movant should "have leave to amend said

motion at or before" the hearing.    Service of this motion and of
the rule nisi was duly acknowledged by counsel for the respondent.
Subsequently the movant amended his motion by adding quite a
number of grounds, but this amendment was not served upon the
respondent, so far as appears in the record.    Counsel for the de-
fendant in error claim that the matter contained in the amendment
to the motion is not before this court and can not be considered.
We are not aware of any requirement that such an amendment
should be served, nor have we been referred to any case in which
such a point has been decided.    The original motion was duly
served, or its service acknowledged, and the amendment was allowed
and its grounds approved by the judge.    The respondent, after ac-
knowledging service of the original motion and the rule nisi, was
bound to look after his case and to take notice of all that was after-
ward regularly done therein.    Further than this, the judge passed
upon the merits of this amendment, and it does not appear that
any objection was made to his doing so.    See *Fleming* v. *Roberts,*
114 *Ga.* 637, in which however the question as to the necessity
for service was not passed upon.

2. Error is assigned on the refusal of the judge to rule out the
evidence of a harness repairer, to the effect that the harness was
considerably broken up and, from its appearance, had been consid-
erably worn and in need of repair, and was not sufficiently strong
for a spirited, "skittish" horse.    On cross-examination the wit-
ness stated that he knew the harness about which he testified was
that used by the plaintiff at the time of the injury, because witness
"had been told so; that he did not know it of his own knowledge,
only from the condition of the harness."    It also appeared that his
examination of this harness was after the time of the injury to
plaintiff.    The court ruled out what had been told witness.    The
latter then stated that the only knowledge he had that the harness
was the same was derived from the fact that it was broken; and
that at the time of repairing the harness in question he had re-
paired eight or ten other sets of harness for the defendant company,
all of them in need of repair.    Counsel for the company then
moved the court to rule out all of this evidence, on the ground that
the witness had no means of information as to the identity of the
harness except what had been told him, and that this was hearsay.
The court admitted the evidence, and we think that so doing was

error.   The witness stated that the harness had been delivered to him by Johnson, who appears to have been on the wagon with plaintiff at the time of the injury, and that it was Johnson who told him that the harness was that used by plaintiff when he was injured.   The court properly ruled out what Johnson had told the witness, and this left the statement that Johnson had delivered a set of harness to the witness.   There was also evidence that there were eight or ten other sets of harness delivered to the witness for repair.   Johnson was not present at the trial, and it was not shown that the harness delivered to the witness by Johnson was that the condition of which was under investigation.   The fact that it was broken did not show this.   There was nothing to show or to enable the jury to infer that the harness about which the witness testified was that used by plaintiff; and the evidence was therefore irrelevant and should have been ruled out.   See *Turner* v. *Tubersing*, 67 *Ga.* 161.

3, 4. The court charged the jury that if " both plaintiff and defendant knew that the horse was dangerous, and the defendant assured the plaintiff that if he would use this horse in its business it would furnish such harness as would enable him to control a horse of this character, then . . the duty to furnish such a harness was manifest and imperative, and the defendant was not in the exercise of ordinary care, unless nor until it made its assurance good.   Moreover, if such assurance was made, it removes all ground for the argument that the servant by continuing the employment engages to assume the risk."   In so far as this charge stated what facts would constitute negligence, it was erroneous.   While the language is taken almost verbatim from Cooley on Torts, as quoted in *Cheeney* v. *Steamship Co.*, 92 *Ga.* 731, we think that it was not proper to give it in charge to the jury.   Under our system a judge should not instruct the jury that any given facts constitute negligence, except in cases where such facts are by law made to constitute negligence per se.   *Mayor &c. of Milledgeville* v. *Wood*, 114 *Ga.* 370.   The charge was further erroneous in that, in fitting the quotation to the present case, the judge instructed the jury that the defendant would become practically an insurer of the quality of the harness furnished.   We think that if the defendant had supplied plaintiff with a harness which to one reasonably and ordinarily prudent would have seemed to be of such quality as to enable plaintiff to control the horse, and

that the harness proved insufficient because of some defect hidden even from the ordinarily diligent, there could be no recovery.

5. Other complaints are made of the charge of the court. Portions of it are excepted to as intimating an opinion as to what had or had not been proved, as stating what facts would constitute negligence, as being unauthorized by the evidence, or as being given without sufficient qualification. After a careful study of these assignments of error, we find that none of them requires any special· discussion. The errors, if any existed, are of minor importance and of such character that they will probably not occur upon the next trial. Complaint is also made that the court erred in admitting evidence that the horse which plaintiff had been driving was used by the company in its business for some months after the injury to plaintiff. This evidence was objected to as irrelevant. This assignment of error was not argued or referred to here by the counsel for the plaintiff in error, and apparently was abandoned. Inasmuch, however, as the case has to be again tried, we will say that this evidence seems to us to have been inadmissible. If offered to throw any light on the contract or arrangement of the plaintiff with the defendant, it was of course irrelevant. If it was offered to show the use of the horse with a stronger harness, and to treat this as an admission by the company that the harness supplied the plaintiff had been negligently weak, then it was inadmissible under the ruling in *Georgia S. & F. Ry. Co.* v. *Cartledge,* ante, 164. If it was offered for the purpose of showing the character of the horse, it was inadmissible, (1) because it was conceded by both parties that the horse was wild and not easily controlled; (2) because it did not sufficiently appear that the horse was afterward used under similar conditions as by plaintiff, or what was the difference in the harness or how much skill had to be employed to manage the horse; and (3) the fact that the horse had run away with plaintiff may have induced defendant, in its subsequent use of the horse, to employ harness stronger than even the most prudent would have thought necessary before the injury to the plaintiff.

Because of the errors pointed out in the 2d, 3d, and 4th headnotes, a new trial should have been granted.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*