#### 4406.  BARRETT v. MAYOR AND ALDERMEN OF SAVANNAH.

RUSSELL, J.  1. Under the ruling of this court when this case was here before (9 *Ga. App.* 642, 72 S. E. 49), two questions were left to be determined by the jury:  (1) whether it was negligence upon the part of the municipality to leave the excavation upon its street unprotected by guard-rails or other device; and (2) whether this negligence (if the jury found that the excavation was such as required protection) was a concurrent cause of the injury.  Both of these questions were fairly submitted by the trial judge to the jury.  While, in our opinion, the evidence strongly preponderates in favor of a finding for the plaintiff, still we can not adjudge that the testimony demanded a finding that the plaintiff's injury would not have resulted if the city had not been negligent, nor can we hold, as a matter of law, that the act of the city in leaving the excavation unguarded was negligence.

2. No act can be affirmed to be negligence, as a matter of law, unless it has been made so by statute; and nothing ruled in the former decision of this case can properly be construed as a holding that the act of the municipality in leaving the excavation unguarded was, as a matter of law, negligence.  For this reason, the court did not err in the instructions of which complaint is made in the various grounds of the motion for a new trial, nor in qualifying the request for instructions, so as to leave it to the jury to say whether the failure of the municipality to place guards or barriers around the excavation in question was negligence, when considered in connection with the facts and circumstances of the particular case.          .     *Judgment affirmed.*

DECIDED JUNE 25, 1913.  REHEARING DENIED JULY 15, 1913.

Action for damages; from city court of Savannah—Judge Davis Freeman.  August 30, 1912.

*Twiggs & Gazan,* for plaintiff.

*H. E. Wilson, David C. Barrow,* for defendant.