26230.  SIMMONS *v.* JONES *et al.*

DECIDED MAY 22, 1937.

*Preston Rawlins, Wilcox, Connell & Wilcox,* for plaintiff.

*J. K. Whaley, W. S. Mann,* for defendants.

FELTON, J.   This suit was brought by Mrs. Lois P. Simmons against Mrs. Ida Jones and A. L. Jones, copartners trading as Jones & Jones, to recover damages for the death of the petitioner's husband, alleged to have been caused by the negligent act of an employee of the defendants in leaving a truck and trailer parked on the left side of a highway at night, with which truck and trailer the car driven by the husband of the petitioner collided. On the trial the judge directed a verdict for the defendants.   The questions to be decided are whether the evidence demanded the conclusion, as a matter of law, that the death was caused by the deceased's own negligence, and whether it demanded the conclusion that the person operating the truck and trailer was an independent contractor.   On the first question the plaintiff's evidence showed that the truck and trailer were parked on the left side of a 20-foot dirt road; that there was not enough room for a car approaching in the opposite direction to pass on the right side of the road between the truck and the ditch; that there was a slight curve in the road; that the tracks made by the automobile of the deceased indicated that just before the collision with the truck it swayed a little to the right and cut sharply to the left; that the brakes were applied and locked, and cut the ground up to the truck a distance of about 29 steps; that the right fender of the car hit the right fender and radiator of the truck; that immediately after the accident the front truck lights were burning; that the truck was almost out of the curve, headed in the direction whence the automobile was approaching. The evidence for the defendants on this point showed that the truck and trailer were left at the point described from about nine o'clock in the morning until just after the accident; that Webster, the operator of the truck, left it there to go to town for material with which to repair a puncture; that he left a negro man with the truck with instructions to turn on the lights at dark; that the negro did turn on the

lights at dark, and was sitting in the truck when he saw the deceased approaching "pretty fast," and when he saw that the truck would be hit he jumped from the truck and ran; that the trailer to the truck was on a jack, and from the impact of the collision the truck was knocked backward 23 to 33 feet; that the frame of the truck was resting on the ground; that several barrels of naval stores, each weighing about 550 pounds, were knocked from the truck and the rest of them moved forward the diameter of one barrel; that from the appearance of the truck and the automobile there had been a head-on collision; and that, from the looks· of the two machines and the road where the wheels had cut up the road, and from the appearance of the road where the truck had been knocked back, the automobile had been traveling at a speed of 60 to 70 miles per hour.

On the second point the evidence introduced by the plaintiff showed that the defendants were engaged in the naval-stores business and farming; that Webster, the driver of the truck, was related by marriage to one of the defendants, and they employed him to do farm labor and to haul naval stores, and for his services they paid him $60 to $75 per month; that the truck which figured in the wreck had been bought by one of the defendants in his own name, had been financed in his name through the Universal Credit Company, and the tag issued in his name; that immediately after the wreck Webster called one of the defendants, and later one of the defendants called a garage and instructed them to remove the truck; that immediately on arriving at the scene of the wreck one of the defendants made the statement that the truck belonged to him; that later one of the defendants had a dealer make an estimate as to allowance on the truck, with the idea of trading for a new one; and that on the day of the wreck Webster had bought a tire for the trailer'and had the tire charged to one of the defendants. The evidence of the defendants was to the effect, that, though Webster had been employed by them as testified, they had sold him the truck and trailer for $1350 shortly before the wreck; that thereafter he was his own boss, and the defendants exercised no more control over his time or his manner of doing business; that they agreed to pay him 60 cents per barrel for hauling naval stores; that he could haul for whoever he wished; that the truck was paid for by Webster after the wreck, though previously there

had been monthly payments in varying amounts; that the books of the defendants would show the payments; that the truck which was wrecked was traded for a new truck; and that the defendants told the dealer that the truck was being bought for Webster, and the tag was issued in his name. The books of the defendants, though they were in court, were not introduced in evidence.

1. We have not quoted the evidence in its entirety, but have stated enough to show that it was sufficiently conflicting on the two questions involved to require the submission of the case to the jury. It is difficult at night to determine whether a vehicle which one is approaching is moving or standing still. A driver of a vehicle at night would naturally presume that an approaching vehicle or one standing in the road, was on its own side of the road, and that if it was not on its own side that it would draw over to its own side before the approach of another vehicle. In this view, this court will not say as a matter of law that the deceased was so negligent as to bar a recovery, especially when there are physical facts indicating an effort to go around the parked truck on the right, and a subsequent effort to pass it on the left.

2. On the question whether the driver of the truck was an independent contractor the evidence was conflicting. The plaintiff's evidence was almost wholly circumstantial, while the defendants' was positive. While it is true that circumstantial evidence must give way to direct testimony consistent therewith, the question as to the sufficiency of the circumstantial evidence as against the positive evidence will not be discussed, for the reason that witnesses for the plaintiff testified that Mr. Jones, one of the defendants, stated on the night of the wreck that the truck belonged to him. He sought to explain what he said, but the sufficiency of that explanation is a question a jury will have to decide. The petition alleged that the truck belonged to the partnership. The testimony as to Mr. Jones' admission that the truck was his was admitted without objection, and the jury was authorized to find therefrom that the truck did not belong to the driver but did belong to one of the defendants, and that the driver was not an independent contractor. *Franklin Savings & Loan Co.* v. *Branan,* 54 *Ga. App.* 363 (188 S. E. 67). The evidence was conflicting

and did not demand a verdict.  The court erred in directing the verdict for the defendants.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*