## 18459. WILLIAMS v. SMITH.

SUBMITTED JANUARY 12, 1954—DECIDED FEBRUARY 8, 1954.

*C. C. Crockett,* for plaintiff in error.

*Lester F. Watson,* contra.

SUTTON, Justice. The question for determination is whether the evidence for the plaintiff was sufficient to prevent a nonsuit. Therefore, the relevant evidence has been set out at length.

"A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Code § 110-310. If the plaintiff fails to prove what he has alleged, or if he actually proves every fact charged, but on cross-examination or otherwise disproves his case by establishing beyond doubt the existence of other defensive facts which make it manifest that he ought not on the whole evidence to recover, a nonsuit should be granted. *Evans* v. *Josephine Mills,* 119 *Ga.* 448, 450

(46 S. E. 674). "A motion to nonsuit presents for decision the single question whether or not the evidence introduced in behalf of the plaintiff, assuming it to be true, proves his case as laid." *Reeves* v. *Jackson,* 113 *Ga.* 182 (2) (38 S. E. 314); *Clark* v. *Bandy,* 196 *Ga.* 546 (27 S. E. 2d 17). In passing on the question of whether or not the court rightly awarded the nonsuit, the evidence must be taken most strongly in favor of the plaintiff. *National Land & Coal Co.* v. *Zugar,* 171 *Ga.* 228 (2) (155 S. E. 7); *Burton* v. *Hart,* 206 *Ga.* 87, 90 (55 S. E. 2d 594); *Wright* v. *Roseman,* 209 *Ga.* 176, 183 (71 S. E. 2d 426); *Jackson* v. *Thompson,* 77 *Ga. App.* 367, 370 (48 S. E. 2d 903), and citations.

The plaintiff's testimony on direct examination was amply sufficient to make out a prima facie case. While he answered, "by agreement, yes," when asked on cross-examination, "after erecting this fence, marking out that line, blazing those trees, by your conduct and acts, did you not recognize that as the dividing line between these two tracts," yet, the above answer was not inconsistent with the petitioner's testimony as a whole, to the effect that under their agreement the fence merely marked a temporary line for convenience until they could secure the services of a surveyor to measure out the 150 acres called for in the petitioner's deed, at which time the permanent boundary was to be established. Furthermore, the plaintiff testified that they asked the pulpwood cruiser about running the line, and he said he could not run a line that would stand up. There was no evidence that the pulpwood cruiser or any other person was requested to measure out the 150 acres until the survey that the petitioner relies on was made on May 19, 1952.

Under the evidence in the present case, it was error to grant a nonsuit.

*Judgment reversed. All the Justices concur.*