### 36579. HAY *v.* BUTTS.

CARLISLE, J. 1. "All pleadings must receive a construction in accordance with the natural intendment of the words and language used, and, as a general rule, must be construed most strongly against the pleader (*Athens Mfg. Co.* v. *Rucker,* 80 *Ga.* 291, 4 S. E. 885) ; but, if a petition be subject to two constructions, and there be no demurrer thereto . . . then, in determining whether the case has been proved as laid, that construction will be adopted which is most favorable to the assertion of a cause of action in the plaintiff's favor. *Payton* v. *Gulf Line Ry. Co.,* 4 *Ga. App.* 762 (62 S. E. 469)." *Bell* v. *State Life Ins. Co.,* 24 *Ga. App.* 497 (5) (101 S. E. 541) ; *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (116 S. E. 922).

2. A motion to nonsuit presents for decision a single question of whether or not the evidence introduced in behalf of the plaintiff, assuming it to be true, proves his case as laid. *Williams* v. *Smith,* 210 *Ga.* 325 (80 S. E. 2d 289).

3. Upon review of a judgment of nonsuit the evidence must be taken most strongly in favor of the plaintiff, and if there is any evidence tending to sustain the plaintiff's action or where the jury could fairly infer from the evidence a state of facts favorable to the plaintiff, a nonsuit should not be granted. *Fortner* v. *McCorkle*, 78 *Ga. App.* 76 (50 S. E. 2d 250).

4. Under an application of the foregoing principles of law to the facts of the present case, the trial court erred in entering the judgment of nonsuit. From the allegations of the petition construed in the light of the facts shown by the bill of particulars, it is impossible to determine whether the contract declared upon was one coming within the statute of frauds or not. In so far as it appears from the record, the case went to trial without demurrer, and if from the evidence adduced upon the trial the jury could find or infer that the contract declared upon did not come within the statute of frauds, the plaintiff was entitled to a verdict. Under one view of the evidence, it is inferable that the plaintiff and the defendant entered into an oral agreement by the terms of which the plaintiff was to prepare the plans and specifications for 34 houses at a price of $35 per house, that the plaintiff prepared and delivered the plans and specifications for all the houses to the defendant who accepted them, and that while it was agreed between the plaintiff and the defendant that the plaintiff would accept payment for the plans and specifications from the contractor, or contractors, employed by the defendant when they had built the houses, it was not contemplated by the parties that the plaintiff would never be paid for his services in preparing the plans and specifications if contractors were never employed and the houses never were built; and that, consequently, the agreement was so far executed when the plans and specifications were delivered to the defendant as to take the agreement out of the statute of frauds.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 6, 1957.

*Albert A. Roberts, Walters & Roberts,* for plaintiff in error.

*G. Ernest Tidwell, John L. Westmoreland, John L. Westmoreland, Jr.,* contra.

William C. Hay brought an action against Hal Butts alleging that the defendant was indebted to the plaintiff in the sum of $840 on an account which the defendant refused to pay. The following bill of particulars was attached to and made a part of the petition:

"William C. Hay
Designer of Better Homes
1146 Jefferson Ave.
East Point, Georgia
June 18, 1956.

Registered Engineer
and Surveyor

Safety and
Industrial Engineer

Mr. Hal Butts
2540 Campbellton Rd., S. W.
Atlanta, Georgia

*All Accounts Due and Payable by 10th of the Month*

September 15, 1953—Plans and Specifications for 34
houses @ 35.00 (Baker Hills Subdivision)   $1190.00
Note: Mr. Butts stated that he planned to negotiate with contractor for construction of these houses with provision that contractor will pay for plans for houses that he builds but that Mr. Butts will personally assure that payment is made for plans.
March 1, 1954 Paid by J. A. Norris (Plans for 10 houses)   $350.00

Balance Due   $840.00"

On the trial, the court entered the following judgment: "The within and foregoing case having come on for trial before the judge without the intervention of a jury, and after hearing evidence on behalf of the plaintiff, the defendant having moved for a nonsuit on the grounds that the contract sued on is barred by the statute of frauds, after having argument therein, it is considered, ordered and adjudged that said motion is granted and plaintiff's petition is dismissed with $12.50 costs on the plaintiff"; and the plaintiff assigns error here on that judgment.