38612.   SOUTHERN BAKERIES COMPANY v. WHITE.

FRANKUM, Judge. Although the evidence was in conflict, there was sufficient evidence to authorize the jury to find that the defendant's agent was operating its truck without a proper

tail lamp in violation of *Code Ann.* § 68-1705 (a), and that such negligence was the proximate cause of the collision whereby the plaintiff's vehicle struck the rear of the defendant's slowly moving truck on a dark, foggy morning. Our view of the instant case is that it was a question for the jury to determine whether the proximate cause of the collision was the plaintiff's failure to exercise ordinary care and diligence, such as failing to keep a proper lookout, or the defendant's negligence, such as the failure to have a proper tail lamp on the rear of its vehicle. The fact that the plaintiff was possibly negligent in some respect, does not necessarily bar his recovery, this being a comparative-negligence State. *Adams v. Jackson,* 45 Ga. App. 860 (166 S. E. 258). See *Simmons v. Jones,* 55 Ga. App. 831 (191 S. E. 490).

"It is not necessarily such a lack of ordinary care on the plaintiff's part as will defeat a recovery for the operator of a properly-equipped automobile to drive it in the night at such a rate of speed that he can not stop it within the limit of his vision ahead. Whether he is to be chargeable with negligence or not depends upon what is reasonable under all the circumstances; and unless the facts shown unmistakably point to but one conclusion, the decision of that question is especially one for the determination by the jury. To hold otherwise would force the traveler to assume that the highway was liable to be obstructed, and, in view of this, so to travel that he would not collide with any obstructions in the highway, however negligently they might have been created and maintained." *Bach v. Bragg Bros. & Blackwell,* 53 Ga. App. 574, 577 (186 S. E. 711). See also *McCurry v. Moffett,* 80 Ga. App 761 (57 S. E. 2d 451); *Simmons v. Jones,* 55 Ga. App. 831, supra; *Adams v. Jackson,* 45 Ga. App. 860, supra.

Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for a jury, and a court should not take the place of the jury in solving them except in plain and indisputable cases. *Howard v. Savannah Electric Co.,* 140 Ga. 482 (79 S. E. 112); *Tallman v. Green,* 74 Ga. App. 731 (41 S. E. 2d 339); *Columbus Power Co. v. Puckett,* 24 Ga. App. 390 (100 S. E. 800); *Southern Cotton-Oil Co. v. Gladman,* 1 Ga. App. 259 (58 S. E. 249).

The trial court did not err in overruling the defendant's mo-

tion for a new trial, nor its motion for judgment notwithstanding the verdict.

*Judgment affirmed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*

DECIDED FEBRUARY 14, 1961.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiff in error. *Butt & Spence, H. A. Stephens, Jr.,* contra.