38739. NEW CIGAR COMPANY v. THE BROKEN SPUR, INC., *et al.*

DECIDED MARCH 17, 1961.

Smith, Swift, Currie, McGhee & Hancock, Tom Watson Brown, for plaintiff in error.

Greene, Neely, Buckley & DeRieux, John D. Jones, Moise, Post & Gardner, J. William Gibson, contra.

FRANKUM, Judge. Upon consideration of a general demurrer the petition must be strictly construed against the pleader, and "if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." Krueger v. MacDougald, 148 Ga. 429 (1) (96 S. E. 867). And the petition must be construed in light of its omissions as well as its averments. Chalverus v. Wilson Mfg. Co., 212 Ga. 612 (1) (94 S. E. 2d 736); Hulsey v. Interstate Life &c. Ins. Co., 207 Ga. 167 (60 S. E. 2d 353); George v. Continental Wrecking Corp., 101 Ga. App. 538 (114 S. E. 2d 383). Yet, as stated in Athens Mfg. Co. v. Rucker, 80 Ga. 291, 294 (4 S. E. 885), "all pleadings must receive a construction in accordance with the natural intendment of the words and language of the pleadings." See Toler v. Goodin, 200 Ga. 527 (37 S. E. 2d 609), and Hay v. Butts, 95 Ga. App. 285 (97 S. E. 2d 720).

Applying the above principles of law to the facts alleged in the petition in the instant case, the petition alleges a cause of action against the defendants.

While the petition does allege that two small lights were located on the side of the trailer (one near the rear and one near the front), there is also an allegation that the tractor of The Broken Spur, Inc., and its headlights blocked the view of these lights. The only reasonable construction to be placed on these allegations is that the combination of the position of the tractor and the glare of its headlights blocked the vision of the plaintiff's driver to the extent that he could not see the small lights on the trailer until he was approximately abreast of the defendant's truck. These allegations do not, when construed according to their natural import and the readily apparent intendment of the petition, demand, as contended by the defendants, the construction "that the trailer . . . could have been seen had plaintiff's driver merely looked, and thus demands a finding that the driver either saw it, and did nothing, or else simply remained oblivious to a patent situation by not looking at it." Such construction would constitute a strained construction of the language of the petition.

"It is not necessarily such a lack of ordinary care on the plaintiff's part as will defeat a recovery for the operator of a properly equipped automobile to drive it in the night at such a rate of speed that he can not stop it within the limit of his vision ahead. Whether he is to be chargeable with negligence or not depends upon what is reasonable under all the circumstances; and unless the facts shown unmistakably point to but one conclusion, the decision of that question is especially one for determination by the jury. To hold otherwise would force the traveler to assume that the highway was liable to be obstructed, and, in view of this, so to travel that he would not collide with any obstructions in the highway, however negligently they might have been created and maintained." *Bach v. Bragg Bros. & Blackwell, Inc.*, 53 Ga. App. 574, 577 (186 S. E. 711). See also, *McCurry v. Moffett*, 80 Ga. App. 761 (57 S. E. 2d 451); *Simmons v. Jones*, 55 Ga. App. 831 (191 S. E. 490); *Adams v. Jackson*, 45 Ga. App. 860 (166 S. E. 258); *Southern Bakeries Co. v. White*, 103 Ga. App. 146 (118 S. E. 2d 724).

While it has been held that when one can see and does see an obstruction in a road in time to avoid an injury to himself, he cannot recover for injuries resulting from a collision with such

obstruction, the petition in the instant case affirmatively alleges that the driver of the plaintiff's automobile was not guilty of negligence, could not have avoided the consequences of the negligence of the defendants by the exercise of ordinary care, and did not see the trailer until the collision was imminent. *State Highway Dept. v. Stephens,* 46 Ga. App. 359 (167 S. E. 788); and *Fraser v. Hunter,* 42 Ga. App. 329 (156 S. E. 268), are, therefore, clearly distinguishable.

The trial court erred in sustaining the general demurrer.

*Judgment reversed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*