39531.   BLANTON v. DOUGHTY et al.

DECIDED OCTOBER 4, 1962—REHEARING DENIED
DECEMBER 3, 1962.

*G. Seals Aiken, George C. Mitchell,* for plaintiff in error.
*William Butt, Herman J. Spence, C. B. Holcombe,* contra.

FRANKUM, Judge. 1. Movant contends that the court erred in charging the provisions of *Code Ann.* § 68-1610, concerning the placement of traffic control signs or devices and "the disregard or disobeyance" of such traffic control signs or devices as being prima facie evidence of a violation of law, because there was no evidence to show that the signs or traffic control devices had been placed in accordance with Georgia law. However, the cases of *Fields v. Jackson,* 102 Ga. App. 117 (115 SE2d 877), and *Noland v. England,* 101 Ga. App. 306 (113 SE2d 649), are contrary to movant's contentions and are controlling here. Special grounds 4 and 5 of the motion for a new trial are without merit.

2. Special ground 6 complains of the failure of the court to charge without request the following: "I charge you that if you believe from the evidence in this case that the plaintiff was injured and damaged as the direct and proximate result of the negligence of defendant John S. Doughty in any one or more of the particulars alleged in plaintiff's petition, then it would be your duty to return a verdict for the plaintiff and against both defendants for whatever amount you believe she was so injured and damaged, provided said amount does not exceed the sum sued for by plaintiff." The court charged: "Upon considering the case and under the instructions given you, if the plaintiff proved her case as alleged and you find the defendants were negligent in some one or more of the allegations charged which the court has instructed you to consider, and if you find that such negligence caused or contributed to the plaintiff's injury and damage, then and in that event the plaintiff would be entitled to recover in this case, unless you find that she should not

recover under some other instructions given you by the court." The court's charge speaks for itself, and obviously, the court charged the jury the substance of what movant contends the court failed to charge. This ground is without merit.

3. A special ground of a motion for new trial which complains of the admission of certain evidence must show an objection to the admission of such evidence and the grounds of the objection. *Lightfoot v. Southeastern Liquid Fertilizer Co.*, 102 Ga. App. 512 (116 SE2d 651); *West Lumber Co. v. Schnuck*, 85 Ga. App. 385, 388 (4) (69 SE2d 577); *Bernd Co. v. Rahn*, 94 Ga. App. 713 (96 SE2d 185); *Slater v. Russell*, 100 Ga. App. 563 (112 SE2d 178). Special grounds 8 and 9 of the motion are insufficient for this reason.

4. Special ground 10 complains of the following charge: "Defendants contend in the case that the injury and damage to the plaintiff, if such occurred, was due to the plaintiff's own negligence and that the defendants were not responsible for the injury and damage to the plaintiff. If you should find in this case that the plaintiff was injured and damaged, but that the plaintiff's injury and damage was due to the plaintiff's own negligence and not due to the negligence of the defendants, then there could be no recovery by the plaintiff."

Movant contends that the charge was error in that it was neither authorized by the pleadings nor by the evidence. The plaintiff's petition alleged that she was "driving her car in a safe and careful manner at said time and place and she was in her proper lane of traffic when . . . [the collision occurred]."

As stated in *Whatley v. Henry*, 65 Ga. App. 668, 675 (16 SE2d 214): "While contributory negligence is an affirmative defense and must be pleaded unless affirmatively shown by the allegations of the petition (*Watts v. Colonial Stages Co.*, 45 Ga. App. 115, 119, 163 SE 523; *Woolworth Co. v. Wood*, 32 Ga. App. 575 (2), 124 SE 110; *Fuller v. Louis Steyerman & Sons Inc.*, 46 Ga. App. 830 (2), 169 SE 508); and while there is no necessity that the plaintiff negative such negligence (*Hardwick v. Figgers*, 26 Ga. App. 494 (2), 106 SE 738; *Sims v. Martin*, 33 Ga. App. 486 (8), 126 SE 872; *Pollard v. Hagan*, 60 Ga. App. 581, 583, 4 SE2d 477), yet, where the plaintiff nevertheless pleads the lack of

contributory negligence, a denial of such allegations will raise the issue of such negligence. *Western & Atlantic Railroad v. Mathis,* 63 Ga. App. 172, 175 (10 SE2d 457)." We are of the opinion that the court's charge was authorized by the pleadings and by the evidence. See *Brown v. Matthews,* 79 Ga. 1 (4 SE 13). Special ground 10 is without merit.

Accordingly, special ground 11, assigning as error the portion of the court's charge which was substantially in the language of *Code* § 105-603, is likewise without merit.

5. Generally, failure of the trial court to charge on an issue raised by the evidence and not by the pleadings is not reversible error in absence of an appropriate written request for such charge. *Savannah Elec. Co. v. Crawford,* 130 Ga. 421 (60 SE 1056); *Tucker v. Central of Ga. R. Co.,* 122 Ga. 387 (50 SE 128); *Powell v. Berry,* 145 Ga. 696 (89 SE 753, LRA 1917A 306). Special ground 12 is without merit.

6. "Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases." *Eubanks v. Mullis,* 51 Ga. App. 728, 730 (181 SE 604). See *Howard v. Savannah Elec. Co.,* 140 Ga. 482 (79 SE 112); *Tallman v. Green,* 74 Ga. App. 731 (41 SE2d 339); *Columbus Power Co. v. Puckett,* 24 Ga. App. 390 (100 SE 800); *Southern Cotton-Oil Co. v. Gladman,* 1 Ga. App. 259 (58 SE 249); *Southern Bakeries Co. v. White,* 103 Ga. App. 146, 147 (118 SE2d 724). As to whether defendant Doughty was negligent in entering the highway, or whether the plaintiff failed to exercise ordinary care in avoiding the bus after it had entered the highway, presented a jury question.

The general grounds of the motion for new trial are without merit.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*