25212. GARRETT v. ROYAL BROTHERS COMPANY, INC.

ARGUED JUNE 11, 1969—DECIDED SEPTEMBER 8, 1969—REHEARING DENIED SEPTEMBER 29, 1969.

*Perry, Walters, Langstaff, Lippitt & Campbell, Robert B. Langstaff,* for appellant.

*Vann & McClain, Frank C. Vann, Benjamin L. Bateman,* for appellee.

NICHOLS, Justice. The gist of the holding of the Court of Appeals is that the mere striking of a fixed object with an automobile is negligence as a matter of law and the burden of proof of any damages in any way resulting therefrom was not proximately caused by the person operating such vehicle is upon the defendant.

In *Barrett v. Mayor &c. of Savannah,* 13 Ga. App. 86 (2) (78 SE 827), the Court of Appeals held: "No act can be affirmed to be negligence, as a matter of law, unless it has been made so by statute." No citation of authority was given for such statement, for indeed none was needed when such a well established principle of law was stated.

In *Wright v. Ga. R. & Bkg. Co.,* 34 Ga. 330, 338, it was held: "The judge has no right to determine what constitutes negligence." And in *Central of Ga. R. Co. v. McKinney,* 116 Ga. 13 (2) (42 SE 229): "Whether the commission of, or omission to do, particular acts by a railroad company was negligence as to one who has been injured by the running and operation of a train of cars, must, as a general rule, be determined by a jury; and it is error for the judge on the trial of a case brought to recover damages for such injuries, to charge the jury that the omission to do a certain act was negligence, when not expressly made so by the law." See also *Portner Brewing Co. v. Cooper,* 116 Ga. 171 (3) (42 SE 408), where it was held: "It is error for a trial judge to instruct the jury that given facts would constitute negligence, when the facts are not such as are made by law to constitute negligence per se." Such language appears throughout the opinions of this court, and has been applied consistently in cases where diligence and negligence are involved. See *Lubeck v. Dotson,* 192 Ga. 258, 265 (15 SE2d 205); *City of Columbus v. Ogletree,* 96 Ga. 177 (22 SE 709).

The plaintiff requested charges reading in part as follows: "If you find Mrs. Garrett was negligent in knocking over the gasoline pump" and "If under the charge I have given you, you

find that Mrs. Garrett was negligent in knocking over the gasoline pump." Thus, the plaintiff did not consider that the mere striking of the fixed object (the gasoline pump) was sufficient to charge the defendant with negligence as a matter of law and thus limit the jury to a consideration of whether the proximate cause of the damages was such negligence or whether she was not liable because of an intervening act of negligence sufficient to insulate her from liability.

The defendant testified as to her conduct and the circumstances surrounding the striking of the gasoline pump. This evidence alone was sufficient for the jury to find that her actions were not the result of a failure to exercise ordinary care although such actions may have been a failure to exercise extraordinary care resulting in slight negligence. Ordinary care is the proper measure of conduct of a motorist (see *Jackson v. Smith*, 56 Ga. App. 763 (194 SE 41)), and a mere failure to exercise extraordinary diligence (amounting to slight negligence) by a motorist would not authorize a recovery by the plaintiff. "Questions of negligence are ordinarily peculiarly within the jury's province unless the evidence is so plain, palpable and undisputable that a court can conclude that the facts show negligence as a matter of law. Under the facts of this case this court cannot say as a matter of law under the undisputed evidence that the defendant was guilty of negligence as a matter of law." *Dixon v. Dixon*, 103 Ga. App. 166 (118 SE2d 713). Accordingly, since the jury would be authorized to find that the defendant was not negligent, or that if she was negligent she was only guilty of slight negligence, the judgment of the Court of Appeals reversing the judgment of the trial court in overruling the plaintiff's motion for new trial was erroneous.

In view of the above holding other questions presented by the writ of certiorari with reference to proximate cause, intervening proximate cause, etc., need not be considered.

*Judgment reversed. All the Justices concur, except Grice and Felton, JJ., who dissent.*

GRICE, Justice, dissenting. I do not regard the holding in this case to be a correct statement of the law.

As I view it, a defendant can be found negligent as a matter of law not only where his act has been declared so by a law-making body (negligence per se), but also where his conduct was so plain, palpable and indisputable that reasonable minds could not disagree as to his negligence. Illustration after illustration could be given where, in the absence of negligence per se, the facts show negligence so plain, palpable and indisputable that there could be no disagreement.

The rule in this State has always been that the question of negligence is peculiarly a matter for a jury "except in plain and indisputable cases." See *Bussey v. Dawson*, 224 Ga. 191 (160 SE2d 834); *Blanton v. Doughty*, 107 Ga. App. 91 (129 SE2d 376); 16 West's Ga. Dig. 672, Negligence, § 136 (14b).

Following the exception stated in the foregoing rule, our courts have consistently recognized that in proper cases courts may determine as a matter of law that a person was negligent, not only when the issue was made upon the pleadings but also when it was made upon subsequent stages. See in this connection, *Powell v. Berry*, 145 Ga. 696, 701 (89 SE 753, LRA 1917A 306); *Laseter v. Clark*, 54 Ga. App. 669, 670 (189 SE 265).

In *Dixon v. Dixon*, 103 Ga. App. 166 (118 SE2d 713), this exception was acknowledged, although the majority did not find negligence as a matter of law. The controlling issue was whether the defendant was negligent in backing his automobile on his own property and running over the plaintiff's child. Negligence per se was not involved. The jury found for the defendant, and the trial court overruled the plaintiff's motion for new trial on the general grounds. The Court of Appeals affirmed. Its headnote recited that "Questions of negligence are ordinarily peculiarly within the jury's province *unless the evidence is so plain, palpable and undisputable that a court can conclude that the facts show negligence as a matter of law.*" (Emphasis supplied.) The headnote continued: "Under the facts of this case this court cannot say as a matter of law under the undisputed evidence that the defendant was guilty of negligence as a matter of law." The dissent, by two judges, evaluated the evidence differently, stating that "The evidence in this case bearing upon the negligence of the defendant is so clear and

indisputable as to demand as a matter of law a finding by the jury of liability. Accordingly, a verdict for the plaintiff in some amount was demanded as a matter of law."

The cases hold that "A jury question is presented if reasonable minds might disagree as to whether specified conduct amounts to negligence and whether, if so, it was the proximate cause of the injury. [Citations.]" *Mullis v. Chaika,* 118 Ga. App. 11, 15 (162 SE2d 448). It follows, then, that if there is no room for such disagreement, there is no issue for the jury, but it is for the court.

The duty of the court in such cases to decide as a matter of law that a defendant was negligent, although no negligence per se was involved, is apparent from well known treatises and text writers. "Ordinarily, and in the absence of statute or ordinance making particular acts negligent as a matter of law, the question of negligence is one of fact for the jury, or is a mixed question of law and fact; but the circumstances of a given case may be such as to make the question of negligence one of law for the court." 65A CJS 804, Negligence, § 252 (a). "The question of the defendant's liability lawfully can be withdrawn from the jury and determined by the court as a question of law when, and only when, the facts are indisputable, being stipulated, found by the court or jury, established by evidence that is free from conflict, and raise an inference which is so certain that all reasonable men, in the exercise of a fair and impartial judgment, must agree upon it and draw the same conclusion." 38 AmJur 1048, Negligence, § 345. "The most common statement is that if men of reasonable intelligence may differ as to the conclusion to be drawn, the issue must be left to the jury; otherwise it is for the court." Prosser, Law of Torts (3rd Ed.), p. 209.

In the instant case the question of proof of the defendant's negligence arose upon the plaintiff's motion for new trial, the general grounds urging that the verdict was "contrary to evidence and without evidence to support it."

Even though they contain some broad language, none of the first six cases relied upon by the majority negates negligence as a matter of law in the absence of negligence per se. Each of

them involved a charge to the jury that specified acts constituted negligence. That is not the situation here, where the issue arose upon the overruling of the plaintiff's motion for new trial on the general grounds. The final citation of the majority, *Dixon v. Dixon,* 103 Ga. App. 106, dealt with above, supports the position taken in this dissent.

I would affirm the Court of Appeals' judgment. I am authorized to state that Mr. Justice Felton joins in this dissent.